## WHITE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   January 5, 1904.)

1. EVIDENCE—JUDICIAL NOTICE—SPARK ARRESTERS.
    Judicial notice will be taken of the fact that no locomotive can be so constructed that some sparks will not escape therefrom.
2. RAILROADS—FIRES—SPARKS—NEGLIGENCE—APPROVED APPLIANCES.
    A railroad is not liable for fires caused by sparks escaping from a locomotive, unless it has negligently used an engine not fitted with appliances capable of preventing the escape of sparks of an unusual size or in unnecessary quantity.
8. SAME—ACTION FOR DAMAGES—BURDEN OF PROOF.
    In an action against a railroad for fire caused by sparks escaping from defendant's locomotive, the burden is on plaintiff to show that the fire was caused by sparks which escaped owing to the absence of a proper spark arrester.
4. SAME—EVIDENCE—OTHER DEFECTIVE ENGINES.
    In an action against a railroad for fire caused by the escape of sparks from a locomotive, for the purpose of establishing negligent construction of the engine in question, evidence may be given that other locomotives, at other times, had discharged an unjustifiable quantity or size of sparks.
5. SAME—SUFFICIENCY OF EVIDENCE.
    In an action against a railroad for the burning of plaintiff's house, owing to the escape of sparks from defendant's locomotive, *held* that the evidence was insufficient to justify a verdict in favor of plaintiff.

Appeal from Trial Term, Oswego County.

Action by Susannah E. White against the New York Central & Hudson River Railroad Company.   From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Thomas Burns, for appellant.

J. W. Shea, for respondent.

HISCOCK, J.   This action was brought by plaintiff to recover the value of a house and of certain personal property destroyed by a fire which it was claimed was caused by a spark negligently permitted to escape from one of defendant's passing engines.   Various grounds of negligence were alleged in plaintiff's complaint, but the learned trial justice before whom the case was tried permitted a recovery solely upon the ground that the spark arrester in the engine was not in proper condition, and that defendant had not used proper care in inspecting it.   We think that the evidence did not warrant the verdict which the jury rendered, and that the judgment appealed from must be reversed.

The jury were entitled to find the following among other facts, some of them upon disputed evidence:   Plaintiff owned a house which was situated between 40 and 50 feet away from defendant's road. Upon the forenoon of June 15, 1900, during an exceedingly dry period, a fire was discovered in the roof of the house upon the side

¶ 4. See Railroads, vol. 41, Cent. Dig. §§ 1720, 1721, 1722.

in whole or part toward the railroad. About 15 minutes before this discovery an engine had passed upon defendant's road, drawing a passenger train. The wind was blowing toward the house, and there had been no fire in the latter for some time. As stated, some of these facts were sharply disputed, but we think there was sufficient evidence to permit a jury to find them as stated. From them, certainly if standing by themselves, it probably would have been permissible for the jury to draw the inference that the fire was ignited by a spark from the engine. If, however, we assume that such inference might be and was drawn by the jury, it still would not necessarily follow that the defendant was legally liable for the fire or the damages which resulted therefrom. It had the right to run its engines over its road, and we may take judicial notice of the fact, even if it does not appear in the evidence, that no engine can be so·constructed that some sparks will not escape, and a railroad only becomes liable when it has negligently used engines not so fitted with appliances as to prevent the escape of sparks of an unusual size or in unnecessary quantities. Brown v. Buffalo, etc., R. R. Co., 4 App. Div. 465, 38 N. Y. Supp. 655. The burden therefore rested upon plaintiff to establish not only that her house was set on fire by a spark from defendant's engine, but that defendant was guilty of negligence in not having a proper spark arrester in its engine, and that on account of such negligence sparks were emitted which caused the fire. We think it is in this respect that she has failed to sustain the burden imposed upon her. There was no evidence which tended directly to establish that the locomotive which passed before the fire, and which must have caused it if any did, was in a defective condition. No witness either testified that he had examined the spark arrester and found it defective, or that he had seen sparks escaping of such a size and in such quantities as might properly sustain the inference that it was out of order. One witness was called apparently for the purpose of establishing that the arrester described by the defendant's witnesses upon the trial as in use upon this engine at the time of the accident was not of a suitable character. We think, however, that his evidence failed in this respect, and, moreover, the trial justice distinctly held that no such ground of negligence and cause of recovery was established in the case.

The plaintiff attempted to cover this branch of her case by showing that at various times during the month preceding the fire various engines of defendant had been seen to throw out sparks of larger sizes and in larger quantities than should escape through a proper spark arrester, and that some of these sparks were thrown as far as plaintiff's house. None of this evidence identified the engine in question. It was all very general in its character, and did not describe with any definiteness whatever the conditions of grade and load under which the engines threw out the sparks. It is perfectly well understood that engines of different sizes and construction under different strains of drawing trains will produce very different results in the matter of throwing sparks. An engine laboring with a steep grade or under a heavy load will throw out a much greater quantity of sparks than one being operated under opposite conditions. General evidence of the character described is at best of uncertain value in determining the

condition and operations of a specified engine at a particular time and place unless some similarity of conditions is shown to have existed. O'Reilly v. Erie R. R. Co., 72 App. Div. 228, 231, 76 N. Y. Supp. 171; Flynn v. N. Y. C. & H. R. R. Co., 142 N. Y. 11, 36 N. E. 1046.

While the rule laid down in Sheldon v. Hudson River R. R. Co., 14 N. Y. 218, 67 Am. Dec. 155, that for the purpose of establishing negligent construction of a specified engine evidence may be given generally that other engines belonging to the same railroad at other times had discharged an unjustifiable quantity or size of sparks, seems to be established, there does not appear to be any tendency in the later cases to enlarge the operations or application of such rule. In this case, however, we are not compelled or permitted to settle the question of defendant's liability solely by reference to what had occurred upon other occasions than that under investigation in the case of other locomotives. There is evidence which, in our opinion, rebuts any presumption which might be raised as to the engine in question on account of the manner in which others had been operated at other times. As already stated, no witness speaking with reference to the locomotive under investigation gave testimony to the effect that it was out of condition. Upon the other hand, various witnesses, of their personal knowledge, testified to its proper examination and inspection, and to its proper condition at the time when the fire occurred. They, however, were witnesses in the employ of the defendant. But outside of them, and supplementing their evidence, various witnesses, some of them called, and therefore vouched for, by the plaintiff, and others entirely disinterested as between the parties, testified that they saw this engine upon the occasion in question at or near the point of passage by plaintiff's house, and that it was not throwing out any improper discharge of sparks. One Smith, a witness called by the plaintiff, testified that he was at work upon the track 400 or 500 feet from plaintiff's house; that he saw the engine as it passed by, and did not see any sparks or coals coming from it. Alvin Tanner, Emma Bowers, a sister of the plaintiff, Frank Bowers, not in the employ of the defendant at the time of the trial, gave evidence to the same effect. Moreover, plaintiff herself, who testified with considerable particularity to the passage of the engine, stated that she did not observe the emission of any sparks. While it may be urged that these witnesses did not pay such particular attention to this subject at the time as to be able to say that no sparks escaped from the engine, we still think that we should not be justified in permitting a jury to find in spite of their testimony that there was such an unusual and unlawful emission of sparks as to indicate that defendant's engine was in imperfect condition, so as to make it liable for plaintiff's mishap.

In those cases cited by the learned counsel for the respondent as authority for the proposition that a jury might find a defective condition in one engine from what engines not identified with the one in question had done upon other occasions, there was no such evidence as that above referred to speaking directly of and concerning the occasion under investigation. The class of evidence permitting a jury to predicate a negligent condition of one locomotive upon the

operations of others at other times is at variance with the rules of evidence ordinarily applicable to a case of this character, and, as the leading case of Sheldon v. Hudson River Railroad Co., cited supra, clearly indicates, has been allowed largely as a matter of necessity. We think that it would be an unwarranted extension and application of the rule to allow such evidence to be made the basis of liability in the presence of other evidence given by disinterested witnesses directly indicating that there was an entire absence of fault and negligence.

These views lead us to the decision that the judgment should be reversed, and render it unnecessary for us to discuss various other questions pressed upon our attention by the counsel for the appellant.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event, upon questions of law only, the facts having been examined, and no error found therein. All concur.