### JACOBS et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1905.)

1. RAILROADS—FIRES—DESTRUCTION OF PROPERTY—EVIDENCE—SUFFICIENCY.
    In an action against a railroad for the destruction of property by fire,
    evidence *held* sufficient to authorize a finding that the property was set
    on fire by one of defendant's engines.

2. PARTIES—PERSONS INTERESTED IN RECOVERY.
    Under Code Civ. Proc. § 446, authorizing all persons having an interest
    in the subject of an action to be joined as plaintiffs, a property owner and
    insurance companies which have paid their proportions of the loss on the
    property and have taken assignments of the property owner's cause of
    action up to the amount paid by them, are properly joined as plaintiffs in
    an action against the wrongdoer for negligently setting fire to the property.

3. SAME—WAIVER OF OBJECTION.
    Under the express provisions of Code Civ. Proc. §§ 498, 499, an objec-
    tion, not apparent on the face of the complaint, that there is a misjoinder
    of parties plaintiff, may be taken by answer, and is waived if not taken
    by demurrer or answer.

    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, §§ 145, 173.]

4. RAILROADS—FIRES—EVIDENCE.
    In an action against a railroad for the destruction of property by fire,
    evidence that the engine which was claimed to have fired plaintiff's prop-
    erty had started other fires, both on the occasion in question and on an-
    other occasion, was competent.

    [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1719,
    1721.]

5. SAME.
    In an action against a railroad for the destruction of property by fire
    it was competent for plaintiffs to show that upon other occasions within
    a period immediately preceding the fire locomotives belonging to defend-
    ant, of the same kind as that which was claimed to have fired the prop-
    erty in question, had thrown sparks and cinders as far as that property
    while passing the same.

    [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1719,
    1722.]

    Stover, J., dissenting.

Appeal from Trial Term, Oswego County.

Action by Orren B. Jacobs and others against the New York Cen-
tral & Hudson River Railroad Company.   From a judgment for
plaintiffs and from an order denying a new trial, defendant appeals.
Affirmed.

Certain buildings and personal property belonging to the plaintiff Jacobs
were destroyed by fire, which, it is claimed, was caused by sparks negligently
permitted by the defendant to escape from one of its locomotives.   Each of
the other plaintiffs had issued a policy of insurance upon this property, and
after the fire settled the loss and its responsibility as insurer at the sum of
$930, and took an assignment of plaintiff's rights and cause of action against
the defendant to that amount.   And subsequently this action was instituted
by the owner and said insurance companies jointly to recover the loss claimed
to have been occasioned by defendant's negligence.   The defendant did not,
by demurrer or answer, raise the question that there was a misjoinder of par-
ties plaintiff or of causes of action.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

Henry Purcell, for appellant.
Irving G. Hubbs, for respondents.

HISCOCK, J.   While the evidence tending to establish that the property was set on fire by one of defendant's engines was circumstantial, we think it was sufficient to permit the jury to find as it did.   It appeared that the roof of the building where the fire made its appearance was 77 feet from the railroad; that it was a very dry day, and a strong wind was blowing from the direction of the railroad towards the buildings; that there was no fire in or near the buildings where the flames first appeared; and that very shortly after one of defendant's trains passed the fire was observed upon the outside of the building.   There was also evidence which permitted the jury to infer that the engine which passed at this time was not equipped with a proper spark arrester.   Various witnesses gave testimony which, taken together, was to the effect that this engine upon the occasion in question started several fires in the vicinity of plaintiff's property, and that both upon this and at least one prior occasion it emitted sparks and cinders of a size and character which could not have escaped through a proper netting.   It is true that evidence was given in behalf of the defendant tending to contradict some of that given in behalf of the plaintiffs, but upon the issue of fact thus presented to the jury there was no such preponderance of evidence in behalf of the defendant as justifies our setting aside the verdict as against the weight of evidence.   We therefore conclude that plaintiffs established a cause of action upon the main proposition.   Crist v. Erie Railway Company, 58 N. Y. 638; White v. N. Y. C. R. R. Co., 90 App. Div. 356, 85 N. Y. Supp. 497; Jamieson v. R. R. Co., 11 App. Div. 352, 42 N. Y. Supp. 915; Munson v. N. Y. C. R. R. Co., 55 App. Div. 523, 66 N. Y. Supp. 973; Peck v. R. R. Co., 165 N. Y. 347, 59 N. E. 206.

It is claimed, however, that various errors were committed by the court in its rulings upon the trial, which necessitate a reversal of the judgment, and it seems proper to consider some of these.   It is urged that each of the plaintiffs had a separate independent claim and cause of action against the defendant, and that, therefore, it was improper for them to unite in bringing this action, which embraced three distinct causes of action.   The facts do not, in our opinion, sustain this contention.   The complaint is that defendant, by its single negligent act, caused the destruction of the property, and thereby became liable.   This constituted a single and entire cause of action, which was not separated into several distinct ones because different parties acquired an interest therein, and it was proper that all of the parties interested should be joined as plaintiffs.   Section 446, Code Civ. Proc.; Brett et al. v. First Universalist Society of Brooklyn, 5 Hun, 149, affirmed 64 N. Y. 651; Pratt v. Radford, 52 Wis. 114, 8 N. W. 606; Home Mutual Insurance Co. v. O. R. & N. Co., 20 Or. 569, 26 Pac. 857, 23 Am. St. Rep. 151; Continental Ins. Co. v. Lumber Co., 93 Mich. 139, 53 N. W. 394, 32 Am. St. Rep. 494; Lake Erie & W. R. Co. v. Falk, 62 Ohio St. 297, 56

N. E. 1020; Swarthout et al. v. R. R. Co., 49 Wis. 625, 6 N. W. 314; Crandall et al. v. Transportation Co. (C. C.) 16 Fed. 75; Loomis et al. v. Brown et al., 16 Barb. 325; Munson v. N. Y. C. & H. R. R. Co., 32 Misc. Rep. 282, 65 N. Y. Supp. 848. If it was improper to thus join in one action the three parties interested in a recovery against defendant for its alleged negligent act, defendant was bound to raise this objection by its pleadings. Sections 498, 499, Code Civ. Proc.; Kelly v. Jay, 79 Hun, 535, 29 N. Y. Supp. 933; Isear v. Hoadley, 44 App. Div. 161, 60 N. Y. Supp. 609.

The evidence of the witness Parks, offered for the purpose of showing that a spark which could escape through an arrester in proper condition would not be carried alive for the distance between defendant's track and plaintiff's building, does not present cause for reversal. In the first place, the evidence given by the witness is so indefinite, and so in accordance with common experience, that we do not regard it as very material. But, in the second place, evidence of this kind by a witness who has had an experience seems to be entirely justified by the authorities. Peck v. R. R. Co., 165 N. Y. 347, 352, 59 N. E. 206; Jamieson v. Erie Railway Company, 11 App. Div. 50, 42 N. Y. Supp. 915, affirmed 162 N. Y. 630, 57 N. E. 1113.

The evidence that the same engine which is alleged to have set plaintiff's buildings upon fire, had started other fires both upon the occasion in question and another one, under the circumstances disclosed in the case, was competent. Taken in connection with the other established facts, it indicated that the engine was throwing sparks and cinders of a kind which could not have escaped if the mesh had been in proper order. Slossen v. R. R. Co., 60 Iowa, 215, 14 N. W. 244; Peck v. R. R. Co., supra.

Complaint is made because the trial justice allowed the plaintiff to testify that upon other occasions within a period immediately preceding the fire, locomotives, not identified as the one passing just before the fire, had thrown cinders as far as his buildings. This evidence was limited to engines drawing passenger trains as they passed plaintiff's property. There was no suggestion upon the part of defendant, which, of course, was possessed of ready information upon this subject, that there was any material difference in the construction, operation, or fuel used by its passenger locomotives. Therefore we are entitled to assume that the conditions under which these locomotive upon other occasions in passing over the same spot and drawing the same kind of trains threw sparks and cinders, were substantially the same as those which governed upon the occasion when one of them is alleged to have thrown the cinders which fired the buildings. The claim that the passenger engine which passed by plaintiff's building just before the fire threw live sparks or cinders thereon was based upon circumstantial evidence, and was a matter of inference therefrom. We think that it was permissible for plaintiffs to show, as tending in a general way to sustain their claim, that before the fire defendant was operating engines which threw sparks and cinders as far as the buildings in question. This at least tended to establish that an engine might throw an ignited

cinder as far as this, and that, therefore, it was entirely reasonable and probable to assume that the buildings had been set on fire by a cinder thrown this distance from the passing locomotive.   The evidence, to our mind, comes within the rule which was early established by the Court of Appeals, and which has not thus far been reversed or modified, at least as applicable to the facts of this case.

In Sheldon v. Hudson River R. R. Co., 14 N. Y. 218, 67 Am. Dec. 155, the evidence tended to establish, just as in this case, the identity of the particular engine which had caused the fire.   Nevertheless evidence was permitted that upon other occasions other locomotives had emitted sparks.   While it is not necessary to consider the present scope and present applicability of all that was said in that case, we are unable to conclude otherwise than that it justifies, under all of the circumstances, the evidence admitted in this case.   The same general rule has been upheld in Field v. N. Y. C. R. R. Co., 32 N. Y. 339; Crist v. Erie Railway Co., 58 N. Y. 638; Hinds v. Barton, 25 N. Y. 544.   In the latter case the court says:

"It was the object of the plaintiff to show the cause of the fire; and this, doubtless, had to be established by circumstances.   If anyone had seen the sparks leave the engine and proceed to ignite the buildings, this would have been such clear, positive, and direct testimony as would, doubtless, have rendered any resort to circumstantial testimony unnecessary.   But if no such positive testimony was given, or, if given, it became necessary to sustain it by other testimony, then it was most pertinent and important to show that on previous occasions the engine had emitted sparks which passed over a greater space than that between it and the buildings consumed on the present occasion, and caused the ignition of other buildings or materials.   Such testimony would show, not only the power of the engine to emit sparks, but the distance they would travel in a state of ignition.   * * *   It was well remarked in that case [Sheldon Case, supra]—and what was said is applicable to the present—that the admission of such evidence is essential to the administration of justice, inasmuch as circumstantial proof must, in the nature of things, be resorted to, and inasmuch as the jury cannot take judicial cognizance of the fact that locomotive engines do emit sparks and cinders which may be borne a given distance by the wind."

We do not deem it necessary to consider any of the other alleged causes of error called to your attention.

Judgment and order affirmed, with costs.   All concur except STOVER, J., who dissents.