(129 App. Div. 415.)

### HIGGINS v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. RAILROADS (§ 481*)—FIRES—ACTIONS—ADMISSIBILITY OF EVIDENCE—DEFECTS IN ENGINES.

In an action for injuries from a fire alleged to have been set by defendant railroad company, where it appeared that there was no other present cause for the fire, evidence that defendant's locomotives habitually emitted live cinders at that place large enough to cause such a fire was admissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1722; Dec. Dig. § 481.*]

2. RAILROADS (§ 481*)—FIRES—ACTIONS—ADMISSIBILITY OF EVIDENCE—DEFECTS IN ENGINES.

As many trains passed during the day, and the fire might have been set by another than the last train passing before it was discovered, the evidence was properly directed to defendant's locomotives generally which passed the point, and not confined to the engine on the last train passing before the fire was discovered.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1720; Dec. Dig. § 481.*]

3. RAILROADS (§ 481*)—FIRES — ACTIONS — ADMISSIBILITY OF EVIDENCE—LEAVING UNCUT GRASS ON RIGHT OF WAY.

In an action against a railroad company for injuries from a fire alleged to have been set by its engine, evidence that inflammable grass and brush were left along defendant's right of way, and of the length of time they had been there, was admissible; it being negligent in leaving on its right of way material which was apt to take fire from its engines.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1728; Dec. Dig. § 481.*]

4. APPEAL AND ERROR (§ 1050*) — REVIEW — HARMLESS ERROR — ADMISSION OF EVIDENCE.

In an action against a railroad company for injuries from a fire alleged to have been set by its engine, evidence of various other fires on lands of different persons along defendant's right of way in plaintiff's neighborhood earlier in the year and during previous years, introduced ostensibly to prove that plaintiff's land and that in his neighborhood was "subject to fires," so that defendant, under Forest, Fish, and Game Law (Laws 1900, p. 66, c. 20) § 228, would be liable to cut inflammable material on its right of way therethrough twice a year, though the fact that the lands were liable to take fire was indisputable and admitted by defendant, was prejudicial to defendant, since it suggested the inference that defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

caused the fires, though there was no evidence to exclude other causes, and some of them might have been caused otherwise.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153, 4155; Dec. Dig. § 1050.*]

5. RAILROADS (§ 456*)—FIRES—STATUTORY REGULATION—CONSTRUCTION—"FOR-EST."

The word "forest," as used in Forest, Fish, and Game Law (Laws 1900, p. 66, c. 20) § 228, providing that a railroad company shall twice a year cut and remove all inflammable material from its right of way passing through forest lands or lands subject to fires, has a large and significant, not an insignificant, meaning, and does not embrace land only partly wood-land.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1674; Dec. Dig. § 456.*

For other definitions, see Words and Phrases, vol. 3, p. 2892.]

6. RAILROADS (§ 456*)—STATUTORY REGULATION—CONSTRUCTION—"SUBJECT TO FIRES."

It is not necessary to prove that there have been fires on land to show that the land is "subject to fires" within the statute; but the kind of growth and material on it would determine the question.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1674; Dec. Dig. § 456.*]

Appeal from Trial Term, Suffolk County.

Action by Charles M. Higgins against the Long Island Railroad Company for injuries by fire set by locomotives. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Wm. C. Beecher, for appellant.
Charles M. Stafford, for respondent.

PER CURIAM. The fire started in the dry standing grass, brush, and weeds in the defendant's right of way, and spread to adjoining lands, including the plaintiff's. It was discovered in the forenoon shortly after the 11 o'clock passenger train went by, but it may have caught from an earlier train. This might be inferred from its considerable extent and headway when discovered. A large number of trains passed daily. The evidence that the locomotives of the defendant generally habitually emitted live cinders at this place large enough to cause such a fire was properly admitted. Coupled with the facts showing that there was no other present cause for the fire, it was inferable that such cinders caused the fire. They were cast out there regularly, were apt to cause the fire, and, in the absence of any other cause, could be found to be the cause. The contention that the evidence should have been confined to the engine of the 11 o'clock train is without basis. It was also proper to prove, not only that inflammable grass, weeds, and brush were standing uncut, or lying cut, along the defendant's right of way, but also the length of time they had been there; for the longer the more negligent, and the worse for the defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant. It should not leave material in its right of way which is apt to take fire from its engines.

But the learned trial judge erred in finally yielding to the persistent efforts of the plaintiff's counsel to prove previous fires on lands of different persons along the defendant's right of way in the neighborhood of the plaintiff. A considerable number of such fires earlier in the year and during several previous years was proved by the plaintiff. This evidence was harmful to the defendant, for it suggested the inference that the defendant caused the said fires, although there was no evidence to exclude other causes, and it may be that some of them were not caused by the defendant. The forest, fish, and game law (Laws 1900, p. 66, c. 20) requires that every railroad company shall twice a year cut and remove from its right of way passing through "forest lands, or lands subject to fires from any cause," "all grass, brush and other inflammable materials," under a prescribed penalty (section 228). This evidence was pressed upon and admitted by the court as showing that the lands were "subject to fires," and that therefore the defendant violated the statute in not clearing its right of way every six months. The land of the plaintiff which was burned over was, like that in the neighborhood, partly woodland, but not a forest. That word has a large and significant, not an insignificant, meaning. It is not necessary to show that there have been fires on land to show that it is "subject to fires." The kind of growth and material on it determines that. Although it was indisputable that the land of the plaintiff and that in his neighborhood was liable to take fire, and counsel for the defendant admitted that to be so, this evidence was nevertheless pressed in ostensibly to prove that fact. We cannot regard it as harmless. It would naturally affect any mind unfavorably to the defendant, and may well have affected the minds of intelligent and fit jurymen in that way, however unconsciously. The cases cited by the plaintiff's counsel have nothing to do with the admission of such evidence, but only with the admission of evidence of the general flying of live coals and cinders from the defendant's engines, as showing that a proper spark arrester was not used, and to show that such coals and cinders flew far enough to reach the plaintiff's premises. Sheldon v. H. R. R. Co., 14 N. Y. 218, 67 Am. Dec. 155; Crist v. Erie R. Co., 58 N. Y. 638; Jacobs v. N. Y. C. & H. R. R. Co., 107 App. Div. 134, 94 N. Y. Supp. 954.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.