admission also strongly corroborates the superintendent's assertion that the relator was not discharged because of political bias.

[2, 3] Every public official has an inherent right, and a right under the Civil Service Law (section 22), to abolish positions for reasons of economy. Indeed, it may be said to be the duty of an official, who discovers that more persons are employed in his department to do the work than are needed, to abolish all the superfluous positions. Therefore in this instance the superintendent of public works exercised a right and performed a duty authorized by statute and by conscience— a right too frequently neglected. In abolishing the position in question the incumbent happened to be a veteran fireman; but that fact did not require the superintendent of public works to continue a useless position. Under section 22 of the Civil Service Law, the superintendent was only required to transfer the employé "to any branch of the said service for duty in such position as he may be fitted to fill." But in accomplishing this mandate of the law the superintendent was not obliged to sacrifice positions held by other persons in order to save the position held by this veteran fireman. People ex rel. Davison v. Williams, 213 N. Y. 130, 107 N. E. 49.

[4, 5] The relator in his petition asks, if he cannot be restored to his old position, to be transferred to a similar position. But the superintendent swears in his answer that there is no such position vacant, and this is not disputed. The burden is on the relator to show that a vacancy does exist which he is fitted to fill, before he can require the superintendent to put him into such position. Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670. There must be a vacancy, or there can be no transference; and the superintendent was not obliged to discharge some other person, not an exempt fireman, in order to make a place for the relator. Matter of Breckenridge, supra.

It follows that the order of the Special Term should be affirmed, with costs. All concur.

BUHRMASTER et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

1. TRIAL ☞60(1)—RECEPTION OF EVIDENCE—TEMPORARY EXCLUSION—EFFECT.
     In an action for damages to plaintiff's barn by fire from sparks, where plaintiff's theory was that a freight train passing at about the time of the fire threw a spark over 200 feet into some straw in the barn, and where defendant's tower operator showed that no freight train passed within a considerable time of the fire, the court's temporary exclusion of evidence that other engines had thrown sparks an equal or greater distance, until there was evidence in the case showing some connection, did not raise the issue as to the correctness of such ruling.

     [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 141–143; Dec. Dig. ☞60(1).]

2. RAILROADS ☞481(2)—FIRES—EVIDENCE.
     In such action, evidence for plaintiff that other engines of the defendant had thrown sparks an equal or greater distance than that required to reach plaintiff's barn, in view of the different engines and their

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

equipment and the weather conditions, was inadmissible on the issue whether the fire was set by a spark from a freight engine.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1719; Dec. Dig. ☞481(2).]

**3.** EVIDENCE ☞208(6)—ADMISSIBILITY—PLEADING.

Where the complaint in an action for damages from the negligence of defendant railroad in setting fire to plaintiff's barn, made on information and belief, was withdrawn by an amendment and controverted by the answer, the refusal to permit plaintiff's attorney to read therefrom was not error, though defendant's counsel, at the close· of plaintiff's case, asked to have it considered as evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 718, 719; Dec. Dig. ☞208(6).]

Appeal from Trial Term, Schenectady County.

Action by Christian F. Buhrmaster and another against the New York Central & Hudson River Railroad Company. From a judgment in favor of the defendant upon a verdict of the jury, and also from an order denying their motion for a new trial made upon the minutes, plaintiffs appeal. Judgment and order affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Borst & Smith, of Schenectady (Homer J. Borst, of Schenectady, of counsel), for appellants.

Visscher, Whalen & Austin, of Albany (H. Leroy Austin, of Albany, of counsel), for respondent.

WOODWARD, J.  The plaintiff brings this action to recover damages alleged to have been sustained through the negligence of the defendant in setting fire to plaintiff's barn by means of sparks alleged to have been thrown off by a locomotive owned and operated by the defendant. The case was submitted to the jury upon a charge to which no exception was taken, and the verdict of no cause of action is now challenged upon exceptions taken upon the trial.

[1] The appellant urges that the court erred in refusing to permit the plaintiff's witnesses to testify as to other engines of the defendant throwing sparks an equal or greater distance than that required to reach the plaintiff's barn. There was no direct evidence that the fire was caused by a spark from the defendant's engine. The plaintiff's theory was that a freight train passing at about the time the fire was discovered threw a spark a distance of over 200 feet, and that this spark landed in the straw in the barn through a window some 35 feet above the ground, causing the fire. The defendant produced its tower operator, with his record of trains upon that day, and he showed that no freight train passed within a considerable time of the hour of the fire, and the alleged error of the court consisted in temporarily excluding testimony that other engines had thrown sparks an equal or greater distance. We think the ruling of the court, postponing the receipt of this line of evidence until there was evidence in the case which would show some connection, does not raise the issue attempted to be asserted at this time.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] But, if it does, we are persuaded that the authority relied upon (Sheldon v. Hudson River Railroad Co., 14 N. Y. 218, 67 Am. Dec. 155), is not controlling at this time. That determination was made in the primitive days of railroading, in 1856, when the engines were known by name, and when there was only one type in common use, and all were equipped substantially alike, and evidence of what these engines usually did under ordinary conditions was a very different thing from taking the testimony to-day, with the great variety of engines in use, and particularly when it is not shown that the conditions were the same when the alleged sparks were thrown a greater distance. Obviously, with the wind blowing a gale, a defective engine might have thrown sparks which would be carried alive a distance of several hundred feet, while another engine, in good condition, and in a comparatively light wind, would not throw off sparks of any danger whatever; and so the mere fact that some witness had found large sparks a considerable distance from the line of the railroad would prove nothing of value in determining whether the fire in question was lighted by a spark from an engine in passing, and the case of Chandler v. Rutland Railroad Company, 140 App. Div. 68, 124 N. Y. Supp. 1046, seems to us controlling upon the point now under consideration, if it be assumed to have been fairly presented by the ruling of the court.

[3] The only other error alleged is that the learned trial court erred in refusing to permit plaintiff's attorney to read from the original complaint, which defendant's counsel had, at the close of plaintiff's case, asked to have considered as in evidence. The plaintiff seems to think that by this suggestion the defendant is bound by the allegations of the complaint, made on information and belief by the plaintiff, which would be rather a remarkable construction to put upon the transaction as it appears in the record. Of course, matters deliberately put in evidence by either party without objection constitute a part of the record to be considered in reaching a determination; but here the matter appears to have been wholly incidental, and it would be strange practice if a complaint, which had been withdrawn by an amendment and which contained allegations on information and belief, deliberately controverted by the answer, could become proof of the facts by the mere incidental suggestion that it be considered in evidence for the purpose, no doubt, of taking advantage of any omissions which the plaintiff might have made. We do not think the court erred in its conduct of the trial to the prejudice of the plaintiff, and, the jury having refused to find a cause of action, it is not for this court to interfere with that determination.

The judgment and order appealed from should be affirmed, with costs. All concur.