23513. MILLS LUMBER COMPANY *v.* PINE PLUME LUMBER COMPANY.

DECIDED JANUARY 29, 1934.

*S. E. Murrell, H. B. Moss,* for plaintiff in error.
*Charles Pigue, Augustine Sams,* contra.

SUTTON, J. This was a suit by the Pine Plume Lumber Company against the Mills Lumber Company. The plaintiff ordered from the defendant 18 thousand feet of "No. 1 common and better" lumber at $20 per thousand. Plaintiff instructed the defendant to ship the same to another lumber company in Chattanooga, Tennessee. Thereafter the defendant shipped a carload of lumber to the company in Chattanooga. Upon its arrival it was discovered that the lumber was off grade, that is to say, the lumber was not up to the standard ordered by the plaintiff. The company in Chattanooga refused to accept any of said lumber except that portion thereof that was up to the standard ordered. The plaintiff and the defendant then agreed that an inspector of the Southern Pine Association might inspect the carload of lumber; and that if it was found that the lumber was not up to the grade ordered, then the defendant would pay the inspector for his services, and if it was discovered that the lumber was up to the grade ordered, then the costs of the inspection would be borne by the plaintiff. An inspection of the lumber showed that 5373 feet thereof was off grade; and it was sold for $13 per thousand, being $8.50 per thousand less than the plaintiff had the same sold for in Chattanooga, and being $7 per thousand less than the amount paid by the plaintiff to the defendant therefor. Upon the trial of the case the vice-president of the plaintiff company testified as follows: "We paid the Mills Lumber Company $310.44 for the carload of lumber shipped to Willingham & Company and the cost of inspection amounted to $44.98. What we are suing for is $310.44, which we paid them on this car, and $44.98 cost of inspection. The Mills Lumber Company is entitled to a credit on this amount of $38.40 for lumber which we sold on another shipment, and is also entitled to a credit of $20 per thousand for 4529 feet used by Willingham & Company before the inspection, making $90.58. Mills Lumber Company is also entitled to a credit, according to the report of the inspection, for 8098 feet, which was up to grade in the inspection report, making $161.96. The lumber which was not up to grade according to the inspection report, contained .5337 feet of 'No. 2 common and 36 feet of No. 3 common;' which we sold for $13 per thousand, and we are willing to give them credit for it, making 5373 feet which was sold for $13 per thousand, making $69.85. The reason that

we did not allow them credit for this when we entered this suit was because the lumber had not been sold at that time."

This was the only evidence in behalf of the plaintiff or in the case as to what plaintiff was seeking to recover of the defendant. The jury returned a verdict for the plaintiff for $52.94. The defendant moved for a new trial, the motion was overruled, and to this judgment it excepts.

It would appear from a cursory examination of the evidence in the record as to a portion of the lumber being off grade, and the expense of the inspection of the lumber, that the verdict is supported by evidence; but upon a careful examination of the record and the evidence it appears that the verdict in plaintiff's favor was wholly unauthorized by the evidence. It appears from the undisputed testimony of the vice-president of the plaintiff that plaintiff was seeking to recover $310.44 paid by it to defendant for said lumber, together with the costs of the inspection, $44.98; and that the amounts brought by the sale of said lumber, both the good and the inferior or off grade, and the sum of $38.40, already due the defendant by the plaintiff on another transaction, amount to $360.79, which is more than the sum total of the amounts claimed by the plaintiff to be due it by the defendant, that is $355.42. In these circumstances, there being no other theory under the evidence by which the plaintiff was seeking to recover of the defendant, the verdict of the jury was without evidence to support it and contrary to law; and the judge of the court below erred in overruling the defendant's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*