## 21409. SOUTHERN BRIGHTON MILLS v. TABER MILL.

JENKINS, P. J. The former adjudication by this court in this case (41 *Ga. App.* 630), to the effect that under the original pleadings the contract sued on by the purchaser of yarn did not fix or provide any required tensile strength merely because the declaration set forth that the contract contained a provision that "yarn is to be the same quality as that furnished on Brighton Mill contract 3575; yarn to be spun 22.60/1 and true to number," and further set forth the provision of the Brighton Mill contract 3575 as follows: "20's or 23's Karded Peeler White Cotton Yarn—yarn to test not less than 20's—100 lbs. for standard 120 reeling, 23's—85 lbs.," does not authorize a ruling that the petition as amended subsequent to the ruling by this court, setting forth alleged usages, customs, and technical meanings given to words by the trade, of such universal practice and application as must have been and were in the minds of the parties so as to form by implication a part of the agreement, so that, according to such pleaded usages, customs, and technical meanings, when the tensile strength of number 20 yarn (meaning 20 hanks to the pound) or the tensile strength of number 23 yarn is known, the tensile strength of yarn of another size, but of the same quality, such as number 22.60 yarn, is known or can be determined with mathematical certainty, failed to set forth a cause of action, on the ground that the petition failed to show that the yarn as purchased should measure up to any degree of tensile strength whatsoever. Civil Code (1910), §§ 5793, 4268 (5); *Deadwyler* v. *Karow,* 131 *Ga.* 227, 236 (62 S. E. 172, 19 L. R. A. (N. S.) 197). Accordingly, the court erred in sustaining the demurrers to the plaintiff's suit for damages as thus amended, and in entering up judgment in favor of the defendant vendor on its counterclaim.      *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 19, 1931. REHEARING DENIED JANUARY 18, 1932.

*H. J. Lyall, Barry Wright,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.

### ON MOTION FOR REHEARING.

JENKINS, P. J. This was a suit for damages on account of the alleged breach of a contract for the sale of cotton yarn, which contract is set forth in the original opinion filed. It was there held that the contract, construed in the light of the universal customs and usages of the cotton trade, as pleaded, could be held to set forth requirements as to the tensile strength of the yarn contracted for, so that the petition, which alleged that the yarn furnished did not measure up to the tensile strength required by the contract, as construed in the light of the pleaded universal customs and usages of the trade, set forth a cause of action.

The motion for rehearing insists that the sustaining of the demurrers of the defendant would not require a ruling that the contract did not provide any tensile strength whatever, but merely a ruling that the petition did not charge that the yarn furnished failed to measure up to the tensile strength required, to wit, that fixed by the yarn *furnished* on "Brighton Mill contract 3575." The contention of the defendant, by the motion for a rehearing, is that even though the contract did fix a definite tensile strength when it provided that the yarn should be of "the same quality as that furnished on Brighton Mill contract 3575," the petition did not show a violation of the terms of the contract, because it did not allege that the yarn furnished under the contract sued on failed to measure up to the quality of that *actually furnished* under the Brighton Mill contract 3575; that under the contract as entered into, the yarn was not to be of the same quality as that *contracted for* in the Brighton Mill contract 3575, but was to be of the same quality as that which had previously been *furnished* under Brighton Mill contract 3575, and that since there was no averment that the yarn was not of the same quality as that which had been actually furnished under the previous Brighton Mill contract, the petition did not charge a violation by the defendant of the terms of the instant contract.

The law presumes that every person, in his private and official character, does his duty and obeys the mandate of the law until the contrary is proved. *Truluck* v. *Peeples,* 1 *Ga.* 3, 5; *White County Bank* v. *Clermont State Bank, 37 Ga. App.* 268 (4) (140 S. E. 767). In the absence of an averment to the contrary in the petition, or proof to the contrary on the trial, even if it should be assumed that it was the intention of the parties that the yarn contracted for under the present contract should be of the same quality as that *actually furnished* under the previous Brighton Mill contract, instead of the quality expressly contracted for by that contract, it can not be assumed that the defendant had violated the provisions of the previous Brighton Mill contract and had actually furnished thereunder a grade of yarn inferior to the grade contracted for. Moreover, in addition to the provision that the yarn contracted for under the instant contract should be of the "same quality as that furnished on Brighton Mill contract 3575," there was a further provision that the yarn should be "spun 22.60/1 and true to number." This provision, according to the universal customs and usages of the trade as set forth in the petition, would fix a tensile strength for the yarn sold of not less than eighty-five pounds.

This court accordingly held, that under the allegations of the amendments to the petition, made after the prior adjudication in this court (41 *Ga. App.* 630, 154 S. E. 191), setting forth the alleged customs and usages of the trade, and the technical and special meanings given to words by the trade, which allegations were not contained in the pleadings as they stood at the time of the former review of the case by this court, the petition set forth a cause of action and the demurrers were improperly sustained.

*Rehearing denied.*