23884. TABER MILL v. SOUTHERN BRIGHTON MILLS.

DECIDED JUNE 25, 1934. REHEARING DENIED AUGUST 13, 1934.

*Cook, Brownell & Tabor, Maddox, Matthews & Owens,* for plaintiff in error.

*H. J. Lyall, Barry Wright,* contra.

SUTTON, J. 1. This is the third appearance of this case in this court. The defendant filed a demurrer to plaintiff's declaration in attachment and the trial court overruled the demurrer. On exceptions to that judgment this court held that the demurrer was good in so far as it questioned the right of recovery by the plaintiff be-

cause of the alleged want of tensile strength in the yarn, there being nothing in the contract sued on that fixed any tensile strength. This court further held that the declaration in attachment was good in so far as it sought to recover for beams and freight. The judgment of the trial court overruling the demurrer was reversed. *Taber Mill* v. *Southern Brighton Mills,* 41 *Ga. App.* 630 (154 S. E. 191). The plaintiff amended its declaration in attachment by setting forth that the contract should be interpreted in the light of the universal custom of the trade, and with the technical and special meaning given to words by the trade, and according to the intention of both parties at the time the contract was made, so that the contract should be taken to set forth a requirement as to tensile strength of not less than 85 pounds for a 22.60 yarn. The amendments were to the effect that while the yarn contracted for was size-20.60, and therefore of a different size from either the 20 or 23 yarn specified in the previous contract No. 3575, yet the strength specification of either a 20 or 23 yarn, under the universal custom, usage, and understanding of the trade, was sufficient to fix and determine the strength specification of a 22.60 yarn of the same quality at not less than 85 pounds, as contended in plaintiff's action; that the number given is the number of hanks of that size it takes to make a pound; a hank is always 840 yards, and size-20 yarn is therefore a size that takes 20 hanks to make a pound; it takes 23 hanks to make a pound of number 23 yarn, and it takes 22.60 hanks to make a pound of number 22.60 yarn. The amendments further set forth that it is universally known in the trade, and is a part of the customs of the trade, that where the strength of a certain size yarn is known, the strength of a yarn of different size but of the same quality is also known with mathematical certainty, under a regular known formula; that is, multiply the number by the known strength and divide this result by the number of the yarn the strength of which is to be determined. For instance, a 20 yarn has a known strength of 100 pounds; 20 times 100 is 2000. To determine the strength of a yarn of the same quality, but number 22.60, divide 2000 by 22.60. The result is 88 plus, which is the required strength of 22.60 yarn of the same quality as number 20 yarn testing 100 pounds. The amendments set forth that plaintiff, on seeing that the seller had stricken the figures "85" from the provisions of the contract specifying tensile strength,

nevertheless accepted the same, knowing that it made no change in the contract except to slightly increase the tensile strength from 85 pounds to 88 pounds plus. The court sustained the defendant's demurrer to the declaration as thus amended, and directed a verdict in favor of the defendant on its counter-claim filed in the case. The defendant contended that the plaintiff's various amendments to the declaration were only an effort to have the court rewrite into the contract the provision as to tensile strength, which the parties specifically eliminated from the contract before it became effective. According to the defendant's contention, the contract as entered into therefore contains no requirement whatsoever as to any degree of tensile strength, and the plaintiff was not authorized to reject the shipment irrespective of any sort of deficiency in that respect. However, the plaintiff's contention is that while the specific provision as to tensile strength was stricken by the seller before the contract was accepted, the other provision, written into the contract and remaining a part thereof, to the effect that the yarn was to be of the same quality as that furnished on contract number 3575, must be taken, when construed with the universal customs of the trade. and the technical and special meaning of the words as used therein, to require a quality of yarn of a tensile strength capable of mathematical determination; that quality includes tensile strength; and, while under the pleadings as presented at the first hearing there was nothing set forth which would afford a basis for the determination of the tensile strength required, yet, under the amendments setting forth the universal customs of the trade, not only is the contract one such as requires the quality of yarn to measure up to some degree of tensile strength, but it is one where the tensile strength can be mathematically determined as being more than 85 pounds. Thereupon this court again reversed the judgment of the lower court. The above is practically quoted from the opinion of this court when it was here the second time. *Southern Brighton Mills* v. *Taber Mill, 44 Ga. App.* 513 (162 S. E. 515). The case went back for another trial, the trial resulted in a verdict for the plaintiff, the defendant moved for a new trial, the motion was overruled, and to this judgment the defendant excepted.

The defendant insists that the trial judge erred in overruling its motion for new trial upon the general grounds. The defendant contends that the evidence does not show that in the transaction in

this case there was a usage or custom in the trade so generally known, so usual, so customary, and so generally practiced by those engaged in the business, as must have been and was in the minds of the parties to this contract, so as to form by implication a part of the contract. "The custom of any business or trade shall be binding only when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract." Civil Code (1910), § 1 (4). When the case was here the last time it was held that the contract, under the pleadings filed by the plaintiff, required a definite tensile strength, and that if the allegations of the amendments to the declaration, as to usages and customs of the trade and the meanings of words in the trade, were sustained by evidence on the trial, a verdict for the plaintiff upon this theory would be authorized. The evidence on the trial, though conflicting, tended to sustain the allegations of the declaration in attachment, as amended, to the effect that the contract involved in this case required that the yarn ordered from the defendant by the plaintiff should have a tensile strength capable of mathematical determination, although the Taber Mill refused to sign the contract with the clause therein, "Yarn to test not less than 85 lbs. for standard 120 yd. reeling," and the same was stricken, the clause, "Yarn to be of same quality as that furnished on Brighton Mill contract 3575," being left in the contract. The court gave in charge to the jury the provisions of the above-cited section of the Code, and correctly added: "To make usage good, it must be known, certain, uniform, reasonable, and not contrary to law. The custom need not be so universal as to embrace every transaction of the sort; it is enough if it be so usual, so customary, so generally practiced by those engaged in the business, that exceptions here and there will only serve to establish the habit of the trade. I charge you that even though you may find that there is a custom or usage in the trade, as contended by the plaintiff, and that the same is certain, definite, reasonable, and generally known in the trade, still I charge you that such a custom or usage would not be binding in this case, if you find from the evidence that the parties did not contract with reference to such usage or custom, or if the same was excluded expressly or inferentially, or if you find that the plaintiff did not recognize or apply such a custom or usage in the conduct of its own business." Under the facts of this case, with the foregoing charge

of the court to guide them, and it appearing that the yarn did not measure up to the tensile strength of that furnished the Brighton Mill under contract 3575, the verdict in favor of the plaintiff was authorized by the evidence, and the court did not err in overruling the defendant's motion for a new trial upon the general grounds.

2. The court did not err in admitting in evidence a letter to the plaintiff from J. M. Prendergast & Company, who were brokers handling the transactions between plaintiff and the defendant, dated June 19, 1928, in which it was said: "We also feel, for your own protection, that you are perfectly justified in setting aside the five (5) sample beams from the Taber Mill so that you will be covered on future shipments." While this letter had reference to the former contract number 3575 between the plaintiff and the defendant, yet the contract sued on in the present case was based partly on this former contract, and this evidence was not immaterial and irrelevant, as contended by the defendant. The contract sued on provided, "Yarn to be of same quality as that furnished on Brighton Mill contract 3575."

3. In the second, fourth, and fifth grounds of the amendment to the motion for a new trial, the defendant assigns error upon the admission of the testimony of J. K. Morrison, the president of the plaintiff company, the substance of which was that tensile strength in the yarn ordered was the most important element, that the yarn was to be used in the manufacture of automobile fabrics, that Prendergast & Company knew and understood what the yarn was being bought for and what it was to be used for, that strength was an essential factor, and that the witness had so informed Prendergast & Company. While it is true that the defendant was not required to furnish yarn that should answer any particular purpose intended by the plaintiff, where a known, described, and definite kind and quality of yarn was ordered by the plaintiff, yet where the plaintiff contends that such kind and quality of yarn as that ordered from the defendant was not furnished by it, the above evidence was admissible to show that a different kind of yarn from that ordered had been furnished by the defendant to the plaintiff, and that the yarn furnished could not be used by the plaintiff, and the plaintiff had been damaged by the failure of the defendant to ship the kind and quality of yarn ordered.

4. In the third ground of the amendment to the motion for a new trial exception is taken to certain testimony of the witness Morrison to the effect that there was a custom or usage in the yarn trade as alleged in the declaration in attachment as amended. The evidence was admissible in support of the allegations of the declaration as amended which had been approved by this court after being attacked by the defendant on demurrer. See 44 *Ga. App.* 513.

Furthermore, there was other evidence to the same effect as the testimony of this witness, which was not objected to by the defendant. *L. & N. R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (3) (106 S. E. 6).

5. In the sixth special ground of the motion for a new trial the defendant complains of the admission of certain testimony of the witness Morrison to the effect that the matter of the yarn ordered from the defendant not being up to the required tensile strength was taken up by the witness with J. M. Prendergast & Company, the agents and brokers who negotiated the sale of the yarn and through whom the entire transaction was handled, and that this company notified him that they had communicated the facts with reference thereto to the defendant company. This evidence was not inadmissible upon the ground that any communication between the president of the plaintiff and said brokers was mere hearsay and in no way binding upon the defendant. Furthermore, there was in evidence, not objected to, a letter from the plaintiff company to the defendant, containing a report of the test made of the yarn shipped to the plaintiff by the defendant, showing that the yarn was not of the tensile strength which the plaintiff contends was required under the contract sued on in this case; and also a letter from the defendant company to the above-named brokers, in which that company acknowledged receipt of information from the brokers concerning the complaint of the plaintiff on this shipment of yarn.

6. The contention of the defendant, in the seventh special ground of the motion for a new trial, that the question put to the witness Morrison, "Had you ever conveyed the information in regard to breaking strength that you had received on this yarn to anyone connected with the Taber Mill except to J. M. Prendergast & Company?" implied that J. M. Prendergast & Company were connected with the Taber Mill, is without merit. The evidence fully authorizes the holding that J. M. Prendergast & Company

acted as brokers and agents of both parties throughout this entire transaction.

7. Testimony of the witness Morrison, who had qualified as an expert, that the market price of yarn was largely based on the cotton market, and that there was a difference in the market price of yarn between the time plaintiff ordered the yarn from the defendant and the time it purchased yarn of the Amoskeag Manufacturing Company to replace the yarn ordered from the defendant, was admissible on the question of damage to the plaintiff by reason of the failure of the defendant to ship the kind and quality of yarn called for by the contract between the plaintiff and the defendant. The contract between plaintiff and the Amoskeag Manufacturing Company, under which plaintiff purchased the yarn to replace that ordered of the defendant, was admissible to show what the plaintiff paid for the yarn at that time, for the purpose of ascertaining the extent of damage suffered by the plaintiff by reason of the failure of the defendant to ship the kind and quality of yarn ordered. This is so even though that contract contained a provision that the yarn so purchased thereunder was "to test not less than 85 lbs. for standard 120 yd. reeling," while the contract under consideration in this case provided that the defendant should furnish the plaintiff with yarn of the same quality as that previously furnished under contract 3575, the issue in the case being whether the latter contract required the yarn ordered to be of a specified tensile strength, which was equal to or even better than that provided in the contract of repurchase made with the Amoskeag Manufacturing Company.

8. The court did not err in allowing the witness Morrison to testify that it was permissible under the yarn-trade customs and usages, where there was a strength specification, for the strength of the yarn to vary higher than that specified, but under the custom of the trade there was no variation below the specified breaking strength, and that a variation above the specified strength is permissible, under the customs and usages of the trade, because the quality is that much better. This testimony was not irrelevant and immaterial, and did not add to or vary the terms of the written contract involved in the case.

9. Nor was it error for the court to permit two witnesses, who had qualified as experts, to testify that according to the universal

customs and usages of the yarn trade, if a weaker tensile strength than that specified in the contract were furnished in an order for yarn, it would not comply with the contract, but would be yarn of a lower quality, and that the element of tensile strength of yarn is included in the word "quality," when referring to yarn. "The opinions of experts, on any question of . . trade . . are always admissible; and such opinions may be given on the facts as proved by other witnesses." Civil Code (1910), § 5876; *Fincher* v. *Davis,* 27 *Ga. App.* 494 (108 S. E. 905).

The evidence of these witnesses upon this subject was not objectionable as being mere conclusions of the witnesses; nor was it an attempt on the part of the plaintiff to vary by parol the terms of the written contract sued on. These witnesses, having qualified as experts in the yarn trade and industry, were proper persons to testify as to the customs and usages of the yarn trade and as to the meaning of words used in the yarn trade between persons dealing therein, and, under the above-cited section of the code, this evidence was admissible, relevant, and material.

10. In the 12th and 13th special grounds of the motion for a new trial, the defendant excepts to the admission of the testimony of two witnesses to the effect that two beams of the yarn furnished by the defendant under the contract involved were made up into fabric and that the fabric thus made was below the standard, and that if the yarn had been of a tensile strength of 85 pounds or better, the fabric would have tested up to the standard specifications, upon the ground that any such tests of the fabric could throw no light on the question at issue in the case, that such tests were entirely too remote and too many things would enter into the manufacture of the fabric to be of any value in determining any question at issue in the case. This testimony was not objectionable upon the grounds stated. It was material and relevant evidence to show that if the yarn had been of a tensile strength of 85 pounds or better, it would have served to make the fabric and the plaintiff would not have been damaged by reason of the failure of the defendant to ship the yarn specified in the contract.

11. The contract involved in this case provided that the yarn to be furnished the plaintiff was to be of the same quality as that furnished under the previous contract 3575, made by the defendant with the plaintiff; and it was not error to permit an officer of the

brokerage concern that negotiated the sale of the yarn involved in this case from the defendant to the plaintiff, and also negotiated the sale of the yarn under the previous contract number 3575, to testify, as to the sale of the yarn now under consideration, that he notified the defendant company that the yarn was to be of the same "quality and breaking strength" as that furnished to the plaintiff under the previous contract. This evidence did not tend to vary the written contract entered into in this case and was not violative of the parol-evidence rule. This evidence was admissible to show what was meant by the parties by the provision in the contract that the yarn was to be of the same "quality" as that furnished under contract 3575.

12. In the 15th ground of the amendment to the motion for new trial the defendant complains of the admission in evidence of a sample test made of yarn by a witness, who was in the laboratory of the plaintiff, on the ground that the yarn tested was a 23 yarn, whereas that furnished by the defendant to the plaintiff was a 22.60 yarn, and that therefore the test was not of a yarn furnished by it to the plaintiff. Several witnesses for the plaintiff testified positively that this test was made of yarn furnished the plaintiff by the defendant under the sale involved in the present proceedings, and this ground of the motion for a new trial is without merit.

13. Grounds 16, 17, and 18 of the amendment to the motion for new trial, excepting to the charge of the court on the ground that it was misleading and confusing to the jury, are without merit, as the judge was only giving the contentions of the plaintiff as contained in the pleadings, and could not have been misunderstood by the jury. *Standard Oil Co.* v. *Parrish*, 40 *Ga. App.* 814 (151 S. E. 541). It is not error for the trial court, in stating the contentions of the parties, to state these contentions as they are presented in the pleadings. *Matthews* v. *S. A. L. Ry.*, 17 *Ga. App.* 664 (87 S. E. 1097).

14. In stating the contentions of the defendant, the court stated that the defendant denied certain paragraphs of the declaration, setting out what those paragraphs contained. This was not error as misleading the jury and causing them to believe the court was stating that the answer of the defendant so admitted, when it was the paragraphs of the declaration which the defendant denied that so stated.

15. There is no merit in the 20th special ground of the motion for a new trial, in which the defendant sets up that the court misstated its contentions by stating that the defendant denied that the word "quality" included tensile strength, because it did not in its pleadings make such denial. Several of defendant's witnesses testified that they were familiar with the use of the word "quality" in the yarn trade, and that the word did not include tensile strength, but that when it was meant to refer to the tensile strength of the yarn, the words "strength and quality" were used in the trade. It is not error for the court to charge as to an issue made by the evidence, though not made by the pleadings. Under the law of this case, as laid down in 44 *Ga. App.*, it was not error for the court to charge the jury that unless they found that the word "quality" contemplated tensile strength, and that such was the custom, meaning, and understanding of the yarn trade, the plaintiff would not be entitled to recover, as complained of in the 24th special ground of the motion for a new trial.

16. The portions of the charge of the court excepted to in the 21st and 23d special grounds of the motion for a new trial are not erroneous. Under the pleadings and the evidence, these portions of the charge excepted to were appropriate and gave the correct rule for the interpretation of the contract between the parties. The principles of law embraced in these instructions are contained in sections 4266, 4267, and 4268 of the Civil Code of 1910, and were applicable under the facts of this case and under the former decision of this court, 44 *Ga. App.* 513.

17. The court did not err in charging the jury that "parol evidence is inadmissible to add to, take from, or vary a written contract. All attendant and surrounding circumstances may be proved, and, if there is an ambiguity, latent or patent, it may be explained," having charged the jury in immediate connection therewith that "the court has permitted to go to you certain parol testimony with reference to the usages and customs, for the purpose of construing the written contract alone, not to vary or change it." Under the former decision in this case (44 *Ga. App.* 513), it was a question for the jury to determine whether the word "quality," as used in the yarn trade, included tensile strength.

18. Under the law of this case as fixed by the decision in 44 *Ga. App.* 513, ground 25 of the amendment to the motion for a

new trial was more favorable to the defendant than to the plaintiff, and the charge there complained of is no basis for a meritorious assignment of error on the part of the defendant.

19. To the requested charge to the jury, "I charge you that in the determination of the issues in this case, you will not consider evidence or argument of counsel with reference to the use to which the yarn contracted for was to be put," the court did not err in adding the words, "That was merely allowed to go to you . . to illustrate, if it does illustrate, as to whether there was any tensile strength specified in the contract or contemplated as between the parties in the contract."

20. The court did not err in charging the jury as complained of in the 27th special ground of the motion for a new trial. If the plaintiff was entitled to recover at all under the contract in this case, the defendant was required to furnish the plaintiff yarn of a tensile strength of at least 85 pounds. When the defendant failed to furnish yarn of the required tensile strength that the plaintiff contends the contract called for, the plaintiff went into the market and bought yarn of a tensile strength of 85 pounds at a cost of one cent a pound more than the yarn to be furnished by the defendant. Therefore it was not error for the court to charge that if the plaintiff was entitled to recover at all, it was entitled to recover the difference between the contract price and the market price of the yarn.

21. None of the special grounds of the motion for new trial showing error, and the verdict being authorized by the evidence, the court did not err in overruling the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*