## SOUTHERN RY. CO. v. BLUNT & WARD.

(Circuit Court, S. D. Alabama. November 9, 1908.)

No. 1,282.

1. INDEMNITY (§ 9*) — CONSTRUCTION AND VALIDITY OF CONTRACT — LOSS THROUGH NEGLIGENCE OF BENEFICIARY.

Plaintiff railroad company granted to defendants the right to build and maintain on its right of way a platform for shipping cotton, the contract providing that defendants should indemnify it against all loss or injury by reason of the structure caused by fire or otherwise, however resulting. Cotton piled on the platform took fire and burned, and the owners recovered for the loss from plaintiff on the ground that the fire was caused by its negligence or that of its servants. *Held*, that such fact did not preclude a recovery over from defendants on their contract of indemnity, but that such loss was within its terms and the contract valid and not contrary to public policy, since it was not made by plaintiff in its capacity as a common carrier.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 9.*]

2. INSURANCE (§ 606*)—SUBROGATION OF INSURER—ACTION—PARTIES.

Where an insurer has paid to the assured the total amount of the loss, such insurer is subrogated by operation of law to all of the assured's rights of action against third persons who are responsible for the loss, and the assured cannot maintain an action at law in his own right to enforce such liability.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1506; Dec. Dig. § 606.*]

3. PARTIES (§ 59*)—AMENDMENT OF COMPLAINT—JOINDER OF USE PLAINTIFF.

Under Code Ala. 1907, § 2490, which provides that a party for whose use a suit is brought must be considered as the sole party on the record, and section 5367, by which an amendment to a complaint by striking out a sole plaintiff and substituting another is not permitted, a complaint which has been amended by adding a use plaintiff to the original plaintiff does not entitle either to recover, unless both are jointly interested in each cause of action pleaded.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 59.*]

4. PLEADING (§ 57*)—COMPLAINT—DUPLICITY.

A complaint by joint plaintiffs cannot embrace counts setting up causes of action in favor of one alone.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 122; Dec. Dig. § 57.*]

At Law. On demurrers to pleas and motion to amend complaint.

Pettus, Jeffries & Pettus, for plaintiff.
De Graffenried & Evins and Thomas E. Knight, for defendants.

TOULMIN, District Judge. This case was formerly before the court on the demurrers filed by defendants to the complaint, and many of the questions raised on this submission were disposed of by the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ruling on the demurrers. Southern Ry. Co. v. Blunt & Ward (C. C.) 155 Fed. 496.

The plaintiff, Southern Railway Company, claims that under a contract of indemnity which it had with the defendants, Blunt & Ward, the defendants are liable to it, and should reimburse it for the sums paid out by plaintiff to third parties for cotton burned on the platform of defendants, which losses it claims were caused by the presence of the platform of defendants on its right of way. The defendants, on October 16, 1907, filed 30 or more pleas to the complaint, and on October 2, 1908, the plaintiff filed demurrers to these pleas on numerous grounds. Without going into a discussion of the different pleas, it is sufficient to say that, in my opinion, only two of them are well made. Some of the pleas allege that the fire which destroyed the cotton was caused by the negligence of the plaintiff's agents. Under the contract between the parties the defendants agree to indemnify the plaintiff against all loss or injury caused by fire, or otherwise, howsoever resulting. The contract is not void as against public policy, and this plea is no answer to the complaint. Hartford Insurance Co. v. Chicago, etc., R. R. Co., 70 Fed. 201, 17 C. C. A. 62, 30 L. R. A. 193, and cases cited.

The cases cited by defendants in reference to the defense that the loss and damage claimed arose from the negligence of plaintiff and its agents and servants relate to common carriers making contracts for immunity from their negligence or that of their agents. They hold that, to accomplish that object, the contract must be so expressed (expressly stipulated). Considerations based upon public policy and the nature of the carrier's undertaking influence the application of the rule, and forbid its operation, except where the carrier's immunity from the consequences of negligence is read in the agreement (in so many words)—ipsissimis verbis. It must not be left to a presumption from the language. Such a contract, however, may be read as an agreement to indemnify the railroad company, in the event of an action against it, for recovery of damages caused by its negligence; and that would be a perfectly proper agreement for the parties to make, as a part of the consideration for the contract. This is held in one of the cases cited, where there was a contract between an express company and a railroad company: defendant, in relation to the business of the former over the railroad, providing that the defendant should be expressly relieved from and guaranteed against any liability for any damage done to the agents of the express company, whether in their employ as messengers or otherwise. Kennedy v. N. Y. C. & H. R. R. Co., 125 N. Y. 422, 26 N. E. 626. In the case in 17 Wall. 359, 21 L. Ed. 627 (Railroad Company v. Lockwood), the question presented was, whether a railroad company carrying passengers for hire can lawfully stipulate not to be answerable for their own or their servants' negligence in reference to such carriage. It was held it could not.

The duties and responsibilities of common carriers are prescribed by public policy. A common carrier exercises a public employment, and diligence and good faith in the discharge of his duties are essen-

tial to the public interests, and public policy forbids that he should be relieved by special agreement of diligence and fidelity which the law has exacted in the discharge of his duties as a common carrier. He cannot protect himself from losses occasioned by his own fault. This doctrine, which is urged by defendants, and the authorities which they cite in support of their contention, applies to contracts of common carriers as such, and not to the contracts made by them not in the capacity of common carriers, which latter contracts are valid even though they stipulate for immunity against the carrier's negligence, which is the case here. Railroad Company v. Lockwood, supra.

Another defense set up by the pleas is that of res adjudicata. The complaint does not claim indemnity for any sums paid to defendants and the pleas do not show that the contract of indemnity was in issue in any of the suits referred to in said pleas. The defendants cannot evade their liability because third persons recovered judgments against the plaintiff for losses sustained by fire caused, it may be, by the negligence of plaintiff's agents. The plaintiff was primarily liable to these third parties, and it is indemnified against these very judgments that under the contract is being claimed by the railway company. This contention is well sustained by authority. In Kennedy v. N. Y. C. & H. Railroad Company, supra, there was a contract between an express company and a railroad company in relation to the business of the express company over the railroad company, which agreement provided that the defendant should be expressly relieved from and guaranteed against any liability for any damage done to the agents of the express company, whether in their employ as messengers or otherwise. The court held this employé of the express company had a right to recover against the railroad company, he being injured on one of the trains of the railroad company, and he recovered in the case for damages. The railroad company then sued the express company on their contract of indemnity, and the court held that that could be done, although it was shown in the case the recovery by the messenger was for the negligence of the railroad company.

I am of the opinion that the two pleas which set up that the insurance company has paid to the plaintiff the entire amount of the loss which it has sustained on account of the fire are good. If the railway company has been indemnified or paid the loss which it suffered, then it has no further interest in this suit, as it has suffered no damages for which it can claim indemnity from its indemnitors, the defendants. This, however, would not apply to the insurer, the Transportation Mutual Insurance Company, as plaintiff. It is a general rule of law that, where an insurer pays to the assured the total amount of the loss, such insurer is subrogated by operation of law to all of the assured's rights of action against third persons who are responsible for the loss. The insurer's title arises, or is derived, from the assured alone, and can only be enforced in the right of the latter. In a court of common law this right of subrogation can only be asserted in the name of the assured, but in a court of equity or admiralty the insurer can prosecute the action against the third party in its

own name and right. In any form of remedy the insurer can take nothing by subrogation but the rights of the assured. Phœnix Ins. Co. v. Erie Trans. Co., 117 U. S. 312, 6 Sup. Ct. 750, 29 L. Ed. 873; St. Louis, I. M. & S. R. Co. v. Commercial Union Ins. Co., 139 U. S. 223, 11 Sup. Ct. 554, 35 L. Ed. 154.

In the case of Norwich Union Fire Insurance Society v. Standard Oil Company, 59 Fed. 987, 8 C. C. A. 433, the rule is stated as follows:

"When an insurance company pays to the assured the amount of the loss of the property insured, it is subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss. This right of the insurer against such other person is derived from the assured alone, and can be enforced in his right only. At common law it must be asserted in the name of the assured. In a court of equity or admiralty, or under the modern codes of practice, it may be asserted by the insurance company in its own name when it has paid the assured the full value of the property destroyed—citing authorities. But the rule seems to be well settled that, when the value of the property exceeds the insurance money paid, the suit must be brought in the name of the assured. In such an action the assured may recover the full value of the property from the wrongdoer, but as to the amount paid him by the insurance company he becomes a trustee; and the defendant will not be permitted to plead a release of the cause of action from the assured, or to set up as a defense the insurance company's payment of its part of the loss." Hart v. Railroad Company, 13 Metc. (Mass.) 99, 46 Am. Dec. 719; Hall v. Railroad Company, 13 Wall. 367, 20 L. Ed. 594.

In support of this rule, it is commonly said that the wrongful act is single and indivisible, and can give rise to but one liability.

"If," says Judge Dillon in Ætna Insurance Co. v. Hannibal & St. J. R. Co., 3 Dill. 1, Fed. Cas. No. 96, "one insurer may sue, then if there are a dozen each may sue, and if the aggregate amount of the policies fell short of the actual loss the owner could sue for the balance. This is not permitted, and so it was held nearly one hundred years ago in a case whose authority has been recognized ever since both in Great Britain and in this country."

This excerpt from Judge Dillon's opinion merely states the converse of the proposition, which seems to be settled law now, that where the value of the property exceeds the insurance money paid the suit must be brought in the name of the assured, and in such an action the assured may recover the full value of the property from the wrongdoer, but as to the amount paid him by the insurance company he becomes a trustee.

From the foregoing, I am of the opinion that the demurrers to pleas 3 and 7 are not well taken, and should be overruled. This ruling applies to the pleas before the amendment to the complaint adding the insurer as a party plaintiff.

The plaintiff filed an amendment to the complaint by adding the Transportation Mutual Insurance Company, its insurer, as a party plaintiff, the action being, under this amendment, by the Southern Railway Company for the use of itself, for the loss it sustained, and for the use of the Transportation Mutual Insurance Company, for the amount of insurance money paid to it by the insurer. This amendment under the practice in this state should be allowed. The Code provides that the party for whose use the suit is brought must be considered as the sole party on the record. Code Ala. 1907, § 2490. Striking out a sole party and adding a new one is an entire change

and is not allowed, but an amendment of the complaint by adding a new party plaintiff is allowable. Code Ala. 1907, § 5367. The effect of the statute is to make the party for whose use the suit is brought dominus litis, and to give it the same rights as if it were the assignee of the cause of action, and its recovery is on the nominal plaintiff's cause of action. Mobile, etc., v. Jurey, 111 U. S. 595, 4 Sup. Ct. 566, 28 L. Ed. 527. In this case the Southern Railway Company was the original sole plaintiff, and the amendment in effect only adds a new party plaintiff to the complaint. Under the complaint as now amended both the insurance company and the railway company are the beneficial plaintiffs. If from the pleadings it appeared that the Transportation Mutual Insurance Company had paid to the plaintiff only a part of the loss, they would be jointly interested in the recovery from the indemnitors, Blunt & Ward, and the plaintiff could maintain the action in its own name and recover the full amount of the loss. As to the amount paid by the insurance company, it would become a trustee for said company. If the insurance company had paid the plaintiff all of the loss, then this suit should be by the insurance company alone in the name of the railway company as the nominal plaintiff for the use of the insurance company. If only a part of the loss had been paid by the insurer, the insured would be entitled to the residue; and how the money recovered is to be divided between them is a question which interests them alone, and in which the defendants are not concerned. In order to recover under the complaint as now drawn, the insurance company and the railway company must be jointly interested in each of the losses counted on in the complaint. If the insurance company has paid all of any individual loss to the railroad company, then the insurance company alone would be interested in this loss, and the railroad company would have no right to recover, and unless both plaintiffs can recover neither can. In the last amendment which the plaintiff proposes to make, the counts to be added by amendment claim only for losses sustained by the railway company, and on which losses no insurance was in force, and no payments have been made by the insurance company to reimburse the railway company for these losses. This would make the railway company solely interested in some of the counts of the complaint, and the insurance company solely interested in others, and this amendment cannot be allowed, as both plaintiffs must be jointly interested in the recovery to be had under each count. Under this view of the case, if the pleas 3 and 7 are true, the insurance company would be the sole party interested, and it alone could recover, and the railroad company could recover nothing, it having been paid the full amount of its loss, and under the rule above adverted to, under this state of facts, neither could recover in the present suit, and these pleas would be sufficient for that reason. The complaint cannot be amended now to strike out the Southern Railway Company as a usee, because it would work an entire change of parties plaintiff, which cannot be allowed, the beneficial plaintiff being considered the sole party to the record and the dominus litis. The amendment adding the Transportation Mutual Insurance Company as a usee will be allowed. The amendment adding new counts to the complaint,

in which the insurance company is not interested, is disallowed, and the demurrers to pleas 3 and 7 are overruled; the demurrers to all other pleas are sustained.

On account of the ruling of the court, the plaintiff takes a nonsuit.