### 14175.  CITY OF LAFAYETTE *v.* GILBERT.

BROYLES, C. J. 1. In view of the particular facts of the case and the entire charge of the court, the excerpt from the charge, complained of in the 2d ground of the amendment to the motion for a new trial, does not require another hearing of the case.

2. The plaintiff sued the City of LaFayette for personal injuries alleged to have been caused by her falling into a hole in one of the sidewalks of the city. The declaration contained the following averment: "Petitioner's right ankle was dislocated, strained, sprained, and badly bruised by said fall, and her right hip was sprained and bruised, her right kidney was dislocated or torn loose, her left side badly bruised, and her right knee was badly cut and bruised, and she was bruised about the shoulders, legs, arms, and body. Petitioner was caused to suffer great physical pain and mental anguish, and is permanently injured. . . By reason of the facts aforesaid petitioner has been injured and damaged in the full amount of ten thousand dollar." Upon the trial, more than seventeen months after the infliction of the injuries sued for, the plaintiff testified that on account of the injuries she had suffered great pain and still suffered. Under these facts, the court did not err in charging upon future pain and suffering, although the petition contained no specific claim for damages for future pain and suffering. *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (10, 11) (54 S. E. 110), and citations; *Southern Ry. Co.* v. *Petway,* 7 *Ga. App.* 659 (1) (67 S. E. 886).

3. The remaining special ground of the motion for a new trial is expressly abandoned in the brief of counsel for the plaintiff in error.

4. Under the facts of the case it was a question for the jury to determine whether the plaintiff by the exercise of ordinary care could have avoided being injured. See, in this connection, *Dempsey* v. *City of Rome,* 94 *Ga.* 420 (20 S. E. 335), a case very similar in its facts to the instant case.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED MAY 15, 1923.

Action for damages; from Walker superior court — Judge Wright. December 1, 1922.

*Rosser & Shaw,* for plaintiff in error.

*Tatum, Thach & Lynch, R. M. W. Glenn,* contra.