28406. ARMOUR & COMPANY *v.* ROBERTS.

DECIDED DECEMBER 5, 1940.

*Hirsch, Smith & Kilpatrick, A. S. Clay, Kelley & Brannon, D. F. McClatchey,* for plaintiff in error.

*Wheeler & Kenyon; Charles J. Thurmond,* contra.

GARDNER, J. 1. In charging the jury it is not reversible error for the court to state correctly the contentions as made by the allegations of the parties, or give them by a narrative reading of the allegations of the petition, even though some of the contentions in either instance be unsupported by the evidence. *Mayor &c. of Americus* v. *Gammage,* 15 *Ga. App.* 805 (84 S. E. 144); *Georgia Railway & Electric Co.* v. *Carroll,* 143 *Ga.* 93 (2) (84 S. E. 434); *Matthews* v. *Seaboard Air-Line Railway,* 17 *Ga. App.* 664 (87 S. E. 1097); *W. & A. R. Co.* v. *Lochridge,* 39 *Ga. App.* 246, 257 (146 S. E. 776); *Southern Railway Co.* v. *Wright,* 6 *Ga. App.* 172 (5), 180 (64 S. E. 703); *Hunt* v. *Pollard,* 55 *Ga. App.* 423 (5) (190 S. E. 71); *Taber Mill* v. *Southern Brighton Mills,* 49 *Ga. App.* 390, 398 (175 S. E. 665). The plaintiff in error relies strongly on the decision in *Americus Gas & Electric Co.* v. *Coleman,* 16 *Ga. App.* 17 (2) (84 S. E. 493), in which it was said: "Where a paragraph in a petition alleges gross carelessness and wanton and wilful disregard of life and property because of certain specific facts therein stated, and there is no evidence whatever introduced which tends to sustain such allegations, it is error on the part of the court to read to the jury that portion of the plaintiff's petition." We think one of the best statements in the earliest opinions was expressed in *Matthews* v. *Seaboard Air-Line Railway,* supra, as follows: "While it is erroneous for the trial judge to submit to the jury an issue not arising under either the pleadings or the evidence, still it is not reversible error for the court, in stating the contentions of the parties, to state these contentions as they are presented in the pleadings, even though there be no evidence, or insufficient evidence, to support the contention. The well-recognized proposition that error can not be successfully assigned on a refusal to direct a verdict is merely a corollary of this general proposition." We think this is the same rule, that it is error, but not reversible error, and we think a study of the earlier decisions will disclose that they do not contradict the sound principle as announced in the *Matthews* case. There is a distinction between "error" and "reversible error." Moreover, as to this assignment of error, from a

careful reading of the evidence we think that there was sufficient evidence to support the contention in question, which further makes this assignment without merit.

2. Error is assigned on the following charge to the jury: "Now I charge you that persons who engage in the business of furnishing food for human consumption are bound to exercise ordinary care and prudence regarding the fitness of the articles furnished, and they may be held liable for damages if by reason of negligence on their part unwholesome and deleterious provisions are sold and the persons are made ill and injured thereby." The criticism is that in charging in effect Code, § 105-1101, providing that "Any person who knowingly or carelessly sells to another unwholesome provisions of any kind, the defect being unknown to the purchaser, by the use of which damage results to the purchaser or his family, shall be liable in damages for such injury," the court omitted to qualify the charge with the proviso, "the defect being unknown to the purchaser." In the absence of a timely written request the court did not err in failing to charge this proviso, when the court further charged that "even though you find that the defendant was negligent, but find that the plaintiff could have, by the exercise of ordinary care, avoided the consequences of the defendant's negligence, then . . the plaintiff could not recover." It can not be said as a matter of law that the plaintiff, in eating from a small jar of wafer-sliced dried beef prepared by the defendant, which had previously been unopened, without first making an examination of its contents, was guilty of such a failure to use ordinary care for her own safety as would bar a recovery. *Atlanta Coca-Cola Bottling Co.* v. *Sinyard,* 45 *Ga. App.* 272 (164 S. E. 231). The court did not err in the charge given.

3. The assignments of error on the general grounds are abandoned. The motion to award damages for delay is denied. The court did not err in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J. and MacIntyre, J., concur.*