## 30997. NORTON *v.* THE STATE.

Decided October 30, 1945. Rehearing denied December 10, 1945.

*W. George Thomas,* for plaintiff in error.

*E. E. Andrews,* solicitor-general, *J. R. Parham, Durwood T. Pye,* contra.

MacIntyre, J. ▆ The evidence authorized the jury to find that R. L. Warren was the owner of R. L. Warren Motor Company,

that he was trading under that name, and that the car in question was stolen from the place of business of R. L. Warren, which was operated under the name of R. L. Warren Motor Company. Such evidence supported the allegation in the indictment that the automobile stolen was the property of R. L. Warren. Those who enter a place of business "and steal therefrom [an article] will not be permitted to raise nice and delicate questions as to the title of the article stolen." *Thomas* v. *State,* 125 *Ga.* 286 (54 S. E. 182·); *Edwards* v. *State,* 24 *Ga. App.* 653 (101 S. E. 766); *Evans* v. *State,* 60 *Ga. App.* 597 (4 S. E. 2d, 502); *Coleman* v. *State,* 61 *Ga. App.* 658 (7 S. E. 2d, 212); *Executive Committee* v. *Smith,* 44 *Ga. App.* 184 (3) (161 S. E. 143); *Eslinger* v. *Herndon,* 158 *Ga.* 823 (4), 826 (4) (124 S. E. 169); *Executive Committee* v. *Smith,* 175 *Ga.* 543 (165 S. E. 573).

■ The indictment alleged previous indictments, convictions, and sentences, for the purpose of punishment under the second-offense statute, to wit: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted." Code, § 27-2511. The indictment contained the allegation that the defendant had been previously indicted for three felonies: (1) breaking into an automobile, for which he was convicted; (2) burglary, for which he was also convicted; and (3) larceny of an automobile, to which he entered a plea of guilty. The indictments in those cases were introduced without objection, and the amended motion for new trial also fails to assign error upon their admission. Counsel, in their brief, undertake for the first time to object to the introduction of this evidence. The opinion of the trial court was not invoked on this question and was not given; therefore, by the organic law of this court, we have no right to entertain the exception. *Cason* v. *State,* 60 *Ga. App.* 626, 629 (4 S. E. 2d, 713).

■ No argument or discussion in connection with the special grounds is included in the defendant's brief. His counsel say therein: "Although plaintiff in error has not discussed the amended grounds, he does not waive them but insists on them in conjunction with the general grounds." The three special grounds

in the motion for a new trial all relate to excerpts from the charge. We have carefully examined these exceptions, and none of the instructions was reversible error for the reasons assigned.

■ The testimony was in effect that J. D. Johnson and L. P. McKee, two police officers, were parked on the side of the Roosevelt Highway in Fulton County, Georgia; that an automobile, running at a speed of about fifty miles per hour, pulled out of the line of traffic and came so close to them that they thought it was going to strike their car; that one of the officers recognized the defendant Norton as the driver of this car, which it later developed was the stolen car in question; that they chased the car, which fled at rapid rate of speed; that the officers were unable to overtake the fleeing car until its engine "went dead" and it stopped at a certain railroad track; that the defendant thereupon jumped from the car and fled on foot; that one of the officers was approximately 50 feet from the car when he saw the defendant run; that he started running after the defendant but could not catch him at that time; that the defendant was arrested a short time later while riding on a trackless trolley; that he first denied the stealing of the automobile; that later, "when Lanier, who was in the car at the time it passed the officers, said, at the jail and in Norton's presence, that he and Norton [the defendant] stole the automobile from R. L. Warren, Norton said 'It was as much one fellow as the other—fifty, fifty.'" McKee testified in part that, "When we talked to him [the defendant], he told us we ought to get a car; that the thing we had wouldn't catch anything under a Model T." We think that the evidence authorized the verdict finding the defendant Norton guilty of larceny of an automobile.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*