## 32297.   CRAIG *v.* AUGUSTA ROOFING & METAL WORKS INC.

DECIDED JANUARY 29, 1949.

*M. C. Barwick,* for plaintiff in error.
*Congdon & Harper, Lynn R. Leonard,* contra.

PARKER, J.   Augusta Roofing and Metal Works Inc. sued S. G. Craig for $99.15 on an alleged open account.   The defendant answered denying any indebtedness and set up a counterclaim for $100.   The jury returned a verdict for the plaintiff in the amount sued for.   The defendant made a motion for a new trial on the general grounds and on six special grounds.   The court overruled the motion and the defendant excepted.

■ From the evidence as introduced by both parties it appears that the plaintiff made a contract with the defendant agreeing to furnish all labor and material and perform the work of removing the old tin roof from the defendant's main house and applying a new standing-seam tin roof for the sum of $430, which amount the defendant had paid to the plaintiff.   When a crew of workmen were sent by the plaintiff to put on the roof the man in charge of the crew discovered that the sheathing on the rafters was so far apart that they could not do a good job of putting on a standing-seam tin roof.   He called this to the attention of the defendant who then told him that he had nothing to do with that; that he had a written contract for the job and the workmen would have to get in touch with the plaintiff.   After the workmen reported the situation to the plaintiff, and before entering upon the job, the agent of the plaintiff who had made the contract with the defendant went to see the defendant, but the evidence does not show what took place between the defendant and this agent, or that any new or additional agreement respecting the work was made by them.   It appears that after the workmen

reported the matter to the plaintiff they returned to the job with more sheathing and did the work. It does not appear from the evidence what amount of sheathing was put on the house by the plaintiff nor how many hours were employed in putting on the extra sheathing or in putting on any part of the job. The plaintiff did not show that all of the sheathing was placed on defendant's building. It appears that the agent of the plaintiff who made the contract with the defendant and who had died before the trial, inspected and measured the building before he prepared and presented the written contract to the defendant, and the defendant testified that he was expecting a complete job under the terms of the written contract. There was some evidence as to whether the job was done in a workman-like manner and whether it had been accepted by the defendant, but this is not material now because there was a verdict for the plaintiff.

We do not think the evidence was sufficient to authorize a verdict in any amount for the plaintiff, and it certainly did not authorize the verdict for $99.15 as the evidence showed only $58 expended for the sheathing, $18 for the labor in putting it on and $1.50 for nails used for that purpose. The plaintiff failed to show a right to recover the amount of the verdict returned in its favor, and the motion for new trial should have been granted on the general grounds. See *Roddenberry Hardware Co.* v. *Merritt,* 17 *Ga. App.* 425(4) (87 S. E. 681), and *Mills Lumber Co.* v. *Pine Plume Lumber Co.,* 48 *Ga. App.* 368 (172 S. E. 757).

■ Grounds one and two of the amended motion for new trial complaining of the admission in evidence of testimony as to the alleged items of the account sued on, and of the charge of the court instructing the jury that if they found that the account was a separate contract from the written contract involved they would be authorized to find for the plaintiff, do not show error. We think that the evidence and the charge related to the only theory upon which the plaintiff's case could have been sustained.

■ The third special ground complains of error because the court charged the jury the provisions of the Code, § 38-502, relating to ambiguities in contracts, and it is claimed that there being no ambiguities in the contract it was error so to charge. No showing is made in this ground as to how the charge was

harmful to the defendant. In the absence of such a showing this ground of the motion is without merit.

■ Ground four alleges error because the court charged § 38-504 of the Code. We do not think this charge was error because it was in line with the plaintiff's theory, and the suit was not on the written contract which was introduced in evidence by the defendant.

■ Ground five complains of the charge of Code § 38-506 relating to evidence of known and established usage which may be admissible in construing contracts. We think this charge was error because there was no evidence tending to show a contract by known and established usage. It is error to charge on a contention or theory not sustained by the evidence. See *Louisville & N. R. Co.* v. *Ogles,* 142 *Ga.* 720(4) (83 S. E. 681); *Louisville & N. R. Co.* v. *Ledford,* 142 *Ga.* 770(7) (83 S. E. 792).

■ Ground six complains of the charge "that if this material and labor sued on was put on the building of the defendant, and he saw it done and accepted it, there arose a contract by implication to pay the value thereof." We think this charge was error because the evidence of the defendant was that he expected a completed job for the price paid under the contract, and the evidence for the plaintiff did not show anything to the contrary authorizing the charge given relating to an implied obligation to pay.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*