32607.   NELSON *v.* HUBER & HUBER EXPRESS INC.

DECIDED JULY 16, 1949.

*George G. Finch, Madison Richardson*, for plaintiff.
*Edgar Watkins, Allan Watkins*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ By special ground 2 of the amended motion for a new trial it is contended that the trial court erred in charging the jury in substance that, if they found that the plaintiff had breached the contract by his failure to build a fence, then and in that event, the measure of damages would be the cost of building the fence, rather than the cost of maintaining a night watchman on the premises.

By its cross-action, the defendant is seeking to recover $4824.88, which it is alleged was the amount paid to a night watchman, made necessary because the plaintiff breached the contract by his failure to build the fence specified in the lease agreement. That part of the contract referring to the fence is as follows: "The lessor will also furnish a fence around those portions of the boundary line that will be agreed upon between the parties as to the type of said fence and the places where the same must be built."

The excerpts from the charge complained of are contended to be error on the grounds that there is no evidence which would authorize the jury to find that the lease agreement had been breached by the plaintiff in regard to the fence, and that there is no evidence as to what would have been the cost of erecting the fence.

There is no evidence to show that the defendant ever called upon the plaintiff to construct the fence, that the boundary line upon which the fence was to be located was ever pointed out, or that the type of fence which was to be built, or the places where

the fence was to be located, were ever agreed upon. It was, however, undisputed that, when the question of the fence was being discussed by the plaintiff with an agent of the defendant, the latter said, "Let's forget about the fence." The point is also well taken that there is no evidence to show what might have been the cost of constructing the fence.

The charge, therefore, authorized the jury to return a verdict in favor of the defendant as to an item on the cross-bill which was unauthorized by the evidence. This is error and is presumed to be harmful. See *Pelham Manufacturing Co.* v. *Powell,* 6 *Ga. App.* 308 (64 S. E. 1116); *Western & Atlantic R. Co.* v. *Sellers,* 15 *Ga. App.* 369 (83 S. E. 445).

It is reversible error to instruct the jury on the law of a contention of a party to the case as to which there is no evidence, although the charge be correct in the abstract, unless it is apparent that the jury could not have been misled. See *Citizens & Southern Nat. Bank* v. *Kontz,* 185 *Ga.* 131 (6) (194 S. E. 536); *Poland* v. *C. C. Osborne Lumber Co.,* 34 *Ga. App.* 105 (2) (128 S. E. 198).

It is contended by counsel for the defendant that the error here is harmless because the jury found against the defendant's cross-action. This may be true, because the verdict, being for the defendant, was against both the plaintiff's action and the defendant's cross-bill. However, the jury may have found that the defendant owed the plaintiff for some items sued for in the original action. They may also have found that the plaintiff breached his contract in failing to build the fence, and may have undertaken to have offset what they decided the plaintiff was due with this item of the defendant's cross-action. It is, therefore, apparent to us that the jury could have been misled by the erroneous charge.

■ By special ground 3 it is contended that the trial judge erred in charging the jury as follows: "The defendant has the same duty to make out by a legal preponderance of the evidence, as just given you in charge, the material obligations of his cross-bill in order to be able to recover." This is alleged to be error because two of the items sued for in the cross-action are unsupported by evidence. Assuming that the two items set up as unsupported by evidence in this ground of the motion were

724

without evidence to support them, other items in the cross-action may have been supported by some evidence. Therefore, it was not error for the trial court to charge the correct rule with reference to the weight of the evidence by which the cross-action must be sustained in order for the defendant to recover thereon. See *Barbre* v. *Scott*, 75 *Ga. App.* 524 (43 S. E. 2d, 760).

■ By special ground 4 it is contended that the trial court erred in permitting the manager of the defendant's Atlanta business to testify regarding the serviceability of the warehouse doors. Paragraph 4-a of the defendant's cross-bill alleges that these doors were of inferior quality, improperly constructed, and not serviceable, and that he tried to repair them at a cost of $258.92. He sought to recover this sum as one of the items of damage for the alleged breach of the contract. There was no demurrer to this paragraph. The trial court properly admitted evidence in support of this contention of the defendant as laid. See *Overstreet* v. *W. T. Rawleigh Co.*, 75 *Ga. App.* 483 (2) (43 S. E. 2d, 774).

■ Special ground 1 of the amended motion for a new trial is only an amplification of the general grounds. It and the general grounds are not passed upon for the reason that there is no way of determining what the evidence may be on another trial of the case.

The judgment of the trial court overruling the motion for a new trial as amended is error for the reason set out in headnote 1 and the corresponding division of this opinion.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*