33544.   MOFFETT *et al. v.* McCURRY.

854

DECIDED NOVEMBER 21, 1951.

856

*Martin, Snow & Grant,* for plaintiffs in error.
*John D. Mattox, Turpin & Lane,* contra.

WORRILL, J. (After stating the foregoing facts.) ■ The defendant assigns error on the overruling of its general demurrer, which contended that it affirmatively appeared in the petition that the plaintiff could have avoided any injury and damage which he may have sustained had he exercised ordinary care and diligence. "Questions as to diligence and negligence, including contributory negligence and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer except in palpably clear, plain, and indisputable cases." *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (3) (179 S. E. 415). In *Adams* v. *Jackson,* 45 *Ga. App.* 860 (166 S. E. 258), where the plaintiff was suing the owner and the driver of the car in which his son was riding as well as the owner of the parked truck with which the car collided, the court in overruling the general demurrer of the owner of the truck, said in headnote 1: "Where the automobile in which plaintiff's son was riding along a public highway was being driven at an excessive rate of speed down hill on a winding road and around a curve on a dark

night, and collided with a truck parked on the side of the road, with about four feet of the truck projecting into the highway and with no rear light burning, which was visible for one hundred feet to any one approaching from the rear, killing the plaintiff's son, the act of the driver of the automobile in so driving was not necessarily the proximate cause of the death." An examination of the petition, the substantial allegations of which are set out in the foregoing facts, will show that it is certainly not a palpably clear, plain, and indisputable case, which would authorize the court to hold as a matter of law that the plaintiff failed to exercise ordinary care and diligence. The petition set forth a cause of action and the court did not err in overruling the general demurrer.

■ Ground 1 of the amended motion complains because the court failed to charge the jury that Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company was named as a defendant in the suit only because it had issued a policy of liability insurance to defendant K. S. Moffett, doing business as Moffett Transit Lines, insuring him against liability imposed upon him by law for damages growing out of the negligent operation and maintenance of the vehicle referred to in the suit, and that no verdict could be rendered against Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company unless the jury believed the defendant Moffett was liable under the rules of law given in the charge. Movant contends that the failure so to charge amounted to an instruction to the jury that they might return a verdict against this defendant upon proof of injury and damage and nothing more. Paragraph 22 of the plaintiff's petition, which was first denied and then admitted by the defendant, showed that the Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company was being sued because by the terms of a policy issued to the Moffett Transit Lines, it had agreed to pay for any damage resulting from the negligence of said transit lines, up to the limits of the policy, and the pleadings were, according to the charge of the court, made available to the jury in order that they might note the contentions of the parties. In the last portion of the charge, the jury was instructed what the form of the verdict should be in case they found: (a) for the plaintiff and against all the defendants,

(b) for the plaintiff and against all the defendants except either Pitts or Spivey, (c) for the defendant Moffett on his cross-action, (d) for no recovery on either the action or cross-action. In the absence of a timely written request, where the court had previously charged that negligence must be shown to entitle the plaintiff·to recover against the transit lines, this instruction was sufficient to show the jury that any liability of the insurance company would have to be based on liability of the transit lines.

■ Ground 2 assigns error because the court read to the jury the following contention of negligence contained in the plaintiff's petition: "In that the defendants and their agents and employees failed to display clearance lights at each extremity on the rear of said truck after darkness, in violation of the law of Georgia, the same being negligence per se." Movant contends it was error because said specification of negligence was not supported by any evidence whatever, since Code (Ann. Supp.) § 68-316 (b) requires clearance of only those trucks of more than one and one-half ton capacity, and the only evidence as to the size of the truck showed it to be one and one-half ton capacity. "It is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contention." *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner*, 122 *Ga.* 82, 93 (49 S. E. 818). Although it is error to submit to the jury an issue not arising under either the pleadings or the evidence (*Matthews* v. *Seaboard Air-Line Ry.*, 17 *Ga. App.* 664, 87 S. E. 1097), or to charge the law applicable to contentions unsupported by the evidence (*Craig* v. *Augusta Roofing & Metal Works*, 78 *Ga. App.* 514, 516, 51 S. E. 2d, 565), unless it appeared that the jury could not have been misled thereby (*Nelson* v. *Huber & Huber Express Inc.*, 79 *Ga. App.* 721, 723, 54 S. E. 2d, 462), it is not improper, in charging the jury, to state the contentions made by the allegations of the petition (*Barbre* v. *Scott*, 75 *Ga. App.* 524, 534, 43 S. E. 2d, 760), or to give them by a narrative reading of the petition (*McGee* v. *Bennett*, 72 *Ga. App.* 271, 273, 33 S. E. 2d, 577), even though some of the contentions in either instance be unsupported by the evidence (*Armour & Company* v. *Roberts*, 63 *Ga. App.* 846, 847, 12 S. E. 2d, 376). Here, the judge did not charge the law applicable to the contention referred to, but merely read the plaintiff's contention as embodied in the petition. This is not error.

■ Ground 3 of the amended motion complains because the court charged the jury as follows: "There are two types of negligence on which a party may be entitled to recover. One is called negligence per se, which is a violation of some particular statute or ordinance which proximately causes the collision, and the other type includes that negligence which is commonly known as simple negligence, which means that while the act complained of is not a violation of some specific law or ordinance, it still is such an act as will give rise to a cause of action." Movant contends that the charge was erroneous because it allowed the jury to predicate liability upon some act which the jury might consider "simple negligence," regardless of whether or not such act amounted to a failure to exercise ordinary care and because the court had already defined ordinary negligence, hence the jury were misled and authorized to believe that simple negligence was a third type of negligence in addition to "ordinary negligence" and "negligence per se." Movant further contends that the portion of the charge reading, "One is called negligence per se, which is a violation of some particular statute or ordinance which proximately causes the collision," was erroneous because negligence per se is a violation of some particular statute or ordinance requiring the doing of a particular act, and that the violation, whether or not it proximately causes the collision, is negligence per se. "Fragments of the court's charge are not to be isolated and construed by a reviewing court, but that portion of the charge complained of is to be construed with the charge as a whole and in the context in which it was used." *Brewer* v. *James,* 76 *Ga. App.* 447, 454 (46 S. E. 2d, 267). Viewing the charge as a whole, we find that the instructions were fair and clear. We see no way the jury could have been misled into believing there were three types of negligence when the very excerpt objected to begins with these words, "There are two types of negligence." The objection to the charge on negligence per se was also without merit. "Before an act can be considered as negligence it must be in violation of some duty owing, under the circumstances, by the person committing the act to another person, and its nature must be capable of having a causal connection between it and the damage or injury inflicted upon the other person. An act prohibited by a penal statute, and

which might be negligence as a matter of law, is not negligence unless its commission is in violation of some duty owing, under the circumstances, by the person committing the act to another person, and is capable of having a causal connection with the injury inflicted." *Etheridge* v. *Guest,* 63 *Ga. App.* 637, 640 (12 S. E. 2d, 483).

■ Ground 4 contends that the court erred in charging, "All passenger motor vehicles operating upon the public streets or highways of this State and having pneumatic tires are authorized to operate· at a speed up to but not exceeding fifty-five miles per hour" because said law is subject to this limitation, "No person shall operate a motor vehicle upon a public street or highway at a speed that is greater than is reasonable and safe, having due regard to the conditions then existing, including the width, grade, character, traffic and common use of such street or highway, or so as to endanger life or limbs, or property in any respect whatsoever." "When error is assigned upon the failure of the court to charge a required principle of law at a particular place in the charge, or in connection with a specified part thereof, the whole charge must be looked to in order to determine whether or not the alleged omitted part is error; and construing the charge as a whole, if the required part alleged to be omitted at a particular place is elsewhere contained in it, the charge is without error on this ground." *Harper* v. *Hall,* 76 *Ga. App.* 441 (3) (46 S. E. 2d, 201). It is argued that charging the "reasonable speed law" before charging the "fifty-five miles-per-hour law" amounted to instructing the jury that passenger vehicles are authorized to operate at speeds up to fifty-five miles per hour without any limitation. The two sections were given simultaneously and the jury could not have been misled.

■ Ground 5 assigns error on the following charge: "In order for any act of negligence to be actionable, it must have some causal connection with the collision, so I charge you that should you find there has been a violation of any of the statutes about which I have charged you, or that one of the parties hereto was negligent, you should then determine whether or not the act of negligence had any causal connection with the collision complained of." In order to decide whether any particular excerpt of the charge of the court is in error, the charge must be construed

as a whole. *Southern Railway Company* v. *Taylor,* 76 *Ga. App.* 745, 760 (47 S. E. 2d, 77). Elsewhere in the charge the court gave the following instructions: "Now gentlemen, in order to entitle the plaintiff to recover in this case he must prove by a preponderance of the evidence that the defendant was negligent in at least one of the particulars set out in the amended petition and that such negligence was the proximate cause of the alleged injury and damage," and, "Of course before an act, even though negligence as a matter of law, is actionable such act must be the proximate cause of the collision under investigation." In view of these instructions and the charge as a whole, we find no reversible error.

■ In Ground 6 of the amended motion, movant assigns error on the following charge: "As to the damages claimed and contended for by the plaintiff, I charge you that if from the evidence you determine that the plaintiff is entitled to recover at your hands he would be entitled to have compensation for such pain and suffering, mental and physical, you determine he has suffered and will suffer by reason of any injury or damage sustained by him as a proximate result of the alleged negligence of the defendants." Movant contends that the charge was erroneous because the charge was not authorized by the evidence in that there was no evidence that the plaintiff would suffer any in the future and because the court failed to instruct that the amount the plaintiff would be entitled to recover must be diminished in proportion to the fault attributable to the plaintiff. The plaintiff testified as follows: "As a result of the collision, I received permanent injuries consisting of my back being sprained very badly, my knee bruised up, and my lip being cut. My back still suffers from the injuries I received." This testimony given at the trial more than twenty months after the accident authorized a charge as to compensation for pain and suffering. In *City of LaFayette* v. *Gilbert,* 30 *Ga. App.* 248 (117 S. E. 663), where upon the trial more than 17 months after the infliction of the injuries the plaintiff testified that on account of the injuries she had suffered great pain and still suffered, this court held that the trial court did not err in charging upon future pain and suffering. A clear and sufficient instruction on the law of comparative negligence was given elsewhere in the charge and it is

therefore without error on this ground. *Harper* v. *Hall,* supra.

■ Ground 7 of the amended motion complains because the court charged the jury as follows: "All vehicles using the public roads and highways of the State of Georgia shall be equipped with front and rear reflectors in addition to the lights required by the preceding section, to serve as a warning signal to drivers of approaching vehicles." Movant contends it is error because there was no evidence authorizing a charge as to front reflectors since the evidence shows the plaintiff approached the defendant's vehicle from the rear and since there was no evidence as to the presence or absence of reflectors on the front. This portion of the charge was given in the language of Section 5 (a) of an act approved March 24, 1939 (Ga. L. 1939, p. 295, Code, Ann. Supp., § 68-317 (a) )'. It is not reversible error for the court to charge a section of the Code or a section of an act of the General Assembly, only a part of which is applicable, unless it appears that the inapplicable part was calculated to mislead the jury and affect the verdict erroneously or unless it appears that such inapplicable part prejudiced the rights of the movant. *Atlanta Laundries Inc.* v. *Goldberg,* 71 *Ga. App.* 130, 131 (30 S. E. 2d, 349). The pleadings and evidence demanded a charge on the law applicable to rear reflectors, and leaving the word "front" in the charge could not have confused, prejudiced, or misled the jury in any manner.

■ In his brief, the plaintiff in error argues that this law is inoperative because it authorizes the Department of Public Safety to prescribe requirements for reflectors and since no requirements have been set, that it is too indefinite and uncertain to be enforceable. Even if this contention has merit, it is raised for the first time in the brief of counsel presented to this court, and thus cannot be considered. "The opinion of the trial court was not invoked on this question and was not given; therefore, by the organic law of this court, we have no right to entertain the exception." *Norton* v. *State,* 73 *Ga. App.* 307, 308 (36 S. E. 2d, 120). This is not altered by the fact that the motion for new trial contained another objection to the same charge, which was considered and ruled on by the trial judge. An objection in the trial court on one ground does not leave the door open for counsel, in argument on appeal to this court, to offer other objections.

■ Ground 8 assigns error on the following charge: "Now if the plaintiff is entitled to recover, he would be entitled to recover what you find he has proved was reasonably necessary to repair the damages alleged to have been done, and reasonable expenditures incurred on account of the collision, provided you find the damages and expenditures were the direct and proximate result of this occurrence. He would not be entitled to recover more than was reasonably necessary, nor would he be entitled to recover in excess of the amount proved to be due and proper. Now with reference to the claim for damages to the automobile—and this charge on the measure of damages will have application or may have application as to the plaintiff's claim for damages and also to the defendant Moffett's claim for damages on his cross-action, the measure of damages for an injury to an automobile resulting from a collision, is the difference between the market value of the property before the damage and afterwards, but in a case where the owner has undertaken to make the proper and necessary repairs in establishing such damages, he may include such proper and necessary expenses, provided such items are the direct and proximate result of the collision, and represent the reasonable value of such necessary material and labor, and provided the aggregate of those amounts, together with hire on the machine when rendered incapable of being used and the value of any additional permanent impairment, does not exceed the value of the machine before the injury with interest thereon." It is contended that this charge was error because the court completely failed to charge that the amount which the plaintiff would be entitled to recover must be diminished in proportion to his fault. Elsewhere in the charge, the court gave a complete and accurate instruction as to the law of "proportionate damages" or "comparative negligence." See *Harper* v. *Hall*, supra.

■ It is further contended that this charge is error because it authorized a recovery by the plaintiff of the amount reasonably necessary to repair, even though it may have exceeded the difference in the market value before and afterwards; because there was no evidence that the owner of the plaintiff's automobile was unable to make the necessary repairs; and because it authorized a recovery of the difference in the market value before the damage and afterwards and in addition the cost of necessary

repairs. The second sentence of the excerpt is given in exactly the language of the court in the similar cases of *Olliff* v. *Howard*, 33 *Ga. App.* 778, 779 (127 S. E. 821) and *O'Donnelly* v. *Stapler*, 34 *Ga. App.* 637 (5) (131 S. E. 91). The charge was proper to show that the measure of damages is the difference in the market value before the accident and afterwards, and that the amount expended for repairs is an item or circumstance which the jury might consider in determining the damages.

■ It is also contended that there was no evidence to support a charge to the effect that the plaintiff might recover hire on the machine when rendered incapable of being used. The plaintiff testified that on January 15, 1949, he turned the car over to Buchanan Motor Company for repair, that he obtained it repaired on March 5, 1949, and that he could not have obtained it earlier. He further testified that it was necessary to hire another vehicle to carry on his work, that he hired an automobile from his sister at a rate of 7¢ per mile, and that he drove it 6440 miles while his car was in the garage being repaired. He identified two receipts, showing that he paid as rental fees, $200 on February 5 and $240.80 on March 5. The jury was authorized to find for the plaintiff, in addition to the difference in the market value of the vehicle before the injury and afterwards, the value of the lost use of the vehicle while it was being repaired, provided that the sum of both elements did not exceed the value of the automobile before the injury with interest thereon. *Lamb* v. *Landers,* 67 *Ga. App.* 588 (4) (21 S. E. 2d, 321). "In all cases necessary expenses consequent upon the injury done are a legitimate item in the estimate of damages." Code, § 105-2004. The amount expended for a replacement vehicle to perform the services usually performed by the damaged vehicle may be taken into consideration by the jury in determining what damages the plaintiff is entitled to for "hire while rendered incapable of use" or "loss of use." The evidence as to the amount expended by the plaintiff in hiring a car suitable to take the place of the damaged car, while it was being repaired, was sufficient to authorize the charge that the plaintiff could recover "hire on the machine when rendered incapable of being used."

■ Ground 9 of the amended motion complains of the following charge to the jury, "Now, gentlemen, in the event you find

for the plaintiff in this case and against all the defendants named, the form of your verdict would be: We the jury find for the plaintiff so many dollars. In the event you find for the plaintiff in the case and against all the defendants named except either Herman Pitts or Willie Spivey, the form of your verdict would be: We the jury find for the plaintiff so many dollars against all the defendants except—and insert the name of such defendant, Pitts or Spivey, as you find in favor of." Movant contends that the charge is error because no legal verdict could be rendered against any of the defendants without finding against all, since all specifications of negligence related solely to acts of defendants Pitts and Spivey, agents of defendant Moffett, and that there was no negligence imputable to defendant Moffett other than that resting on the theory of respondeat superior. It is certainly true that where, under the doctrine of respondeat superior, an action for damages against a master and servant as codefendants is based solely on the negligence of the servant, a verdict absolving the servant, but holding the master liable is contradictory and is therefore a nullity. *Southern Railway Company* v. *Harbin*, 135 *Ga.* 122 (68 S. E. 1103); *Salmon* v. *Southern Ry. Co.*, 137 *Ga.* 636 (73 S. E. 1062). Here, the court properly charged that in order for the plaintiff to recover he must prove by a preponderance of the evidence that the defendant was negligent in at least one of the particulars and that such negligence was the proximate cause or a contributing cause entering into the proximate cause of the alleged injury and damage. The jury was authorized to find under the evidence that the injury was proximately caused by independent negligence of the defendant Moffett, as owner of the truck, in one or more of the particulars, such as the failure to have the truck equipped with rear reflectors or the failure to have a lamp mounted on the rear of the truck capable of displaying a red light visible for a distance of at least 100 feet behind said vehicle. In *Southern Railway Company* v. *Harbin*, supra, and *Salmon* v. *Southern Ry. Co.*, supra, the only negligence involved was that of the servant-codefendants, hence any negligence of the master had to be imputed to him through the doctrine of respondeat superior and based on the negligence of his servant-codefendants, and the master could not have been liable in the

absence of liability on the part of the servant-codefendants. These cases have no application where there is any evidence authorizing the jury to find that the master was negligent independently of his servant-codefendants. *Southern Railway Co.* v. *Garland,* 76 *Ga. App.* 729 (47 S. E. 2d, 93); *Reliable Transfer Company* v. *Gabriel,* 84 *Ga. App.* 54 (65 S. E. 2d, 679).

■ Ground 10 argues that the verdict is repugnant and inconsistent within itself because there were no specifications of negligence and no evidence of negligence except such as arose from the acts or omissions of the defendants Pitts and Spivey, agents of the defendant Moffett, and hence the jury was not authorized to find a verdict against the defendant Moffett without finding against either Pitts or Spivey. For reasons stated fully in Paragraph 10, this contention is wholly without merit.

■ Ground 11 contends that the evidence demanded a finding that the plaintiff had assigned his entire claim for damages to the Lumbermen's Mutual Insurance Company and that the plaintiff is not entitled to recover any amount and for that reason the verdict is illegal. This ground is without merit. No legal assignment was shown and the $935 received by the plaintiff lacked $100 in covering the cost of repairs. "But where, as here, the alleged amount of loss sustained by the insured exceeds the payment made by the company, since the wrongful act is indivisible and gives but one cause of action (26 C. J. 464; Southern Ry. Co. *v.* Blunt, 165 Fed. 258; Hanton *v.* New Orleans R. Co., 124 La. 562, 50 So. 544; Jacobs *v.* N. Y. Central &c. R. Co., 107 App. Div. 134, 94 N. Y. Supp. 954, 186 N. Y. 586, 79 N. E. 1108; Ex parte Phoenix Ins. Co., 86 S. E. 52, 68 S. E. 21), and especially where there has been no legal assignment to the company, and the assured retains not only the legal but a beneficial interest in the action for the amount of loss exceeding the insurance, the tendency of the courts is to hold that the action must be brought in the name of the insured, and that the insurer is not a necessary or proper party. *Equitable Fire Ins. Co.* v. *Jefferson Standard Life Ins. Co.,* 26 *Ga. App.* 241 (105 S. E. 818); 26 C. J. 466, and cases cited." *Atlanta Cadillac Company* v. *Manley,* 29 *Ga. App.* 522, 523 (116 S. E. 35).

■ Where, as here, there is sufficient evidence to support the

verdict of the jury, approved by the trial judge, this court has no authority, in the absence of errors of law, to disturb the verdict. *Collins* v. *Broom*, 21 *Ga. App.* 420 (94 S. E. 645).

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed.* *Sutton, C. J., MacIntyre, P. J., Gardner, Townsend and Worrill, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I think the court erred in charging the jury that they could return a verdict against all of the defendants except Pitts and Spivey, and that the verdict in favor of Pitts and Spivey and against the owner of the truck and his insurance carrier is inconsistent and contradictory. The only two acts of negligence alleged which it is contended by the defendant in error charge the owner of the truck with negligence, otherwise than under the principle of respondeat superior, are that he did not have the truck equipped with rear reflectors and failed to have a lamp mounted on the rear of the truck capable of displaying a red light visible for a distance of at least 100 feet behind said vehicle. The gravamen of the negligence charged against the owner and drivers of the truck is that it was parked on the highway at night without the reflectors and light. It would not have been negligent for either party to own or operate the truck in the daytime or off of a highway without the reflectors and lights. If the owner of the truck was guilty of either act of negligence charged, the drivers were necessarily also guilty and therefore the verdict is contradictory and inconsistent. To amplify, if the jury found that the truck was equipped with reflectors and a rear light, the owner could not be liable when the jury had also absolved the drivers from negligently parking the truck within less than eight feet of the center line of the highway. If there were lights and reflectors on the truck as to one party, there had to be lights and reflectors on it as to all parties. The defendant in error in his brief also contends that there was an independent act of negligence on the part of the owner which became a part of the pleadings by the introduction of evidence unobjected to, and that this independent negligence authorized a verdict against the owner and in favor of the drivers. This negligence, it is contended, was that the owner knew of the defective condition of the lights and took no remedial

action for two and one-half hours after he knew of the situation his truck was in. Assuming for the sake of argument that such evidence was subject to objection and that the petition was in effect amended to include the new act of negligence, it is not alleged or proved that the owner knew at the time that the lights were not in working order. Furthermore, even if the owner knew that the truck had no reflectors or lights, his further acts in not remedying the situation earlier, even if he had known that the truck was illegally parked on the highway, his acts, even if negligent, were coincident with the acts of the drivers, because they would have been guilty of negligence in leaving the truck on the highway and leaving it there without reflectors and a rear light. There is no act of negligence alleged in this case, whether involving the owner under the rule of respondeat superior, or whether charging the owner and drivers with identical and coincidental acts of negligence, of which the owner could be found guilty by the jury without their also being required to find identical or similar negligence on the part of the drivers. *Southern Ry. Co.* v. *Garland,* supra, is not in point because in that case the railroad was found guilty of not having a watchman or warning signal. That was an act separate and apart from an employee's negligence because he had to operate the train whether there was a warning or watchman present or not. He had no control over that situation. But if he was negligent in operating a train over an unprotected crossing, the conclusion reached in the case in my opinion was wrong. *Reliable Trans. Co.* v. *Gabriel,* supra, violates the principle of older cases from this court and the Supreme Court because in that case the jury found the defendant master liable because of negligence which under the jury's finding could not have been the proximate cause of the injuries. The evidence in this case did not demand a finding that the truck did not have reflectors and a rear light. In such a case the inconsistency of the verdict would have been immaterial if the plaintiff so elected. I think the judgment should be reversed.